Jayne W. Williams, Esq. (SBN:63203)
jwilliams@meyersnave.com
Deborah J. Fox, Esq. (SBN: 110929)
dfox@meyersnave.com
Peter S. Hayes, Esq. (SBN: 184552)
phayes@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, California 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL CHURCH OF THE FOURSQUARE GOSPEL<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN LEANDRO, TONY SANTOS (in his official capacity), SURLENE G. GRANT (in her official capacity), DIANA M. SOUZA (in her official capacity), JOYCE R. STAROSCIAK (in her official capacity), BILL STEPHENS (in his official capacity), JIM PROLA (in his official capacity), JOHN JERMANIS (in his official and individual capacities), DEBBIE POLLART (in her official and individual capacities), DOES 1-50.<br><br>Defendants. | Case No. C 07-03605 PJH<br><br>**DEFENDANTS' OBJECTIONS TO DECLARATIONS IN SUPPORT OF PLAINTIFFS' APPLICATION FOR A PRELIMINARY INJUNCTION; OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE; OBJECTIONS TO PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND OTHER EVIDENTIARY OBJECTIONS**<br><br>Date: September 5, 2007<br>Time: 9:00 a.m.<br>Crtrm: 3<br>Complaint Filed: 7/12/07<br>Hon. Phyllis J. Hamilton<br><br>Complaint Filed: 7/12/07 |

Defendants CITY OF SAN LEANDRO, TONY SANTOS, SURLENE G. GRANT, DIANA M. SOUZA, JOYCE R. STAROSCIAK, BILL STEPHENS, JIM PROLA, JOHN JERMANIS, and DEBBIE POLLART (hereinafter "the Defendants") offer the following objections to the declarations, Request for Judicial Notice, Proposed Findings of Fact and Conclusions of Law, and other supporting documents or evidence offered in support of Plaintiffs' Application for Preliminary Injunction.

## I. DECLARATIONS AND EXHIBITS IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

The Defendants generally object to all of the declarations offered in support of Plaintiffs' application because they lack foundation and are incompetent evidence as a matter of law. Fed. R. Evid. 401, 402, 602. None of the declarations, except for that of Senior Pastor Gary Mortara, sets forth the length of time the declarant has held his or her position at Faith Fellowship Worship Center, what their duties are or have been in their various capacities, or other facts establishing their personal knowledge. Fed. R. Evid. 602.

Specifically, the Defendants object to each and every declaration, and exhibits thereto, as follows:

### A. Declaration of Barbara Cabrera

1. *Paragraph 3, Line 21-page 3, lines 2-13.* This declarant fails to establish any foundation to offer any particulars on the number of women who participate in Women's Ministry activities today, the number of women who would like to participate but cannot do so because of space concerns, actual classrooms sizes, or actual growth figures. Declarant Cabrera simply offers her best guess and such speculation is irrelevant and improper. The declarant also fails to establish that she is familiar with the "new facility," or its ability to accommodate Women's Ministry activities. Fed. R. Evid. 602.

2. *Paragraph 4, Line 14-20.* Lacks foundation that Ms. Cabrera is familiar with the new facility. Fed. R. Evid. 602.

3. *Paragraph 5.* Irrelevant. Fed. R. Evid. 402.

4. *Paragraph 5, Line 25-page 4, lines 1-2.* Lacks foundation and improper lay witness opinion that "Faith Fellowship's growth, relative to additional classes and adequate services, is being 'substantially burdened' by the City's decision to deny the use of the Catalina Property." Fed. R.

1  Evid. 602, 701. Substantial burden is a legal term of art under case law and not a determination that
2  the declarant is qualified to make.

3        **B.**      **Declaration of FaithKidz Ministry Director Casey Lee**

4        1.      *Paragraph 3, Lines 18-25.* This declarant fails to establish any foundation to offer
5  conclusions as to the "adverse impact" on FaithKidz Ministry, lost opportunities, or the "substantial
6  burden on …religious exercise" caused by the denial of the use of the Catalina Property by the City
7  of San Leandro. Fed. R. Evid. 402, 602. Substantial burden is a legal term of art under case law and
8  not a determination that the declarant is qualified to make.

9        2.      *Paragraph 4, Lines 1-3.* Lacks foundation for conclusion that parents and children
10  have also been "substantially burdened." Fed. R. Evid. 602. Substantial burden is a legal term of art
11  under case law and not a determination that the declarant is qualified to make.

12        3.      *Paragraph 4, Lines 18-21.* Lacks foundation and speculative that "the free religious
13  exercise of *all* parents and children at Faith Fellowship are being 'substantially burdened' based upon
14  the one example provided. Fed. R. Evid. 602. Substantial burden is a legal term of art under case
15  law and not a determination that the declarant is qualified to make.

16        4.      *Paragraph 4, Lines 3-21.* Hearsay to the extent declarant is relaying a mother's
17  experience or how this unnamed mother was "exacerbated," "frustrated," and "ready to leave the
18  Church." Fed. R. Evid. 802.

19        5.      *Paragraph 6, Lines 22-23.* Lacks foundation for conclusion that classroom closure
20  has occurred many times or "almost every Sunday." Fed. R. Evid. 602. There are no facts
21  establishing actual classroom size, number of children, counts by grades, or the amount of time that
22  Sunday closure has been in existence.

23        6.      *Paragraph 6, page 4, Lines 2-3.* Lacks foundation, speculative and improper lay
24  witness opinion that the size of the existing building "has prohibited the ministry from reaching all
25  [children]," and placed "a substantial burden on … the free practice of religion." Fed. R. Evid. 402,
26  602. Substantial burden is a legal term of art under case law and not a determination that the
27  declarant is qualified to make.
28

### C. Declaration of Faith Fellowship Food Ministry Director Catalina Vaughn

1. *Paragraph 4.* Lacks foundation that the declarant is familiar with industrial kitchens. Fed. R. Evid. 602.

2. *Paragraph 5, Lines 8-10.* Lacks foundation that the declarant is familiar with the new building, the existence of a kitchen or food preparation area, the size and/or capacity of the existing or proposed kitchen and food preparation area, or the ability of the new building to accommodate professional restaurant style equipment. Fed. R. Evid. 602.

3. *Paragraph 5, Lines 10-14.* Lacks foundation, speculative and improper lay witness opinion that new facility will enable Plaintiffs to fulfill its duty to help the poor. Fed. R. Evid. 402, 602.

4. *Paragraph 6.* Lacks foundation for conclusion that denial of the use of the Catalina property is a "substantial burden." Fed. R. Evid. 602. Substantial burden is a legal term of art under case law and not a determination that the declarant is qualified to make.

### D. Declaration of Parking Director Dave Mortara

1. *Paragraph 3, Lines 17-19.* The declarant fails to establish any foundation to conclude that the City's decision "to not allow a use permit for the new facility has severely restricted the free practice of religion at the Church." Fed. R. Evid. 602.

2. *Paragraph 3, Lines 19-23.* Lacks foundation to opine as to causation between denial of assembly use permit and inadequate parking at current location. The declarant fails to establish any foundation to offer any particulars regarding how many persons wish to attend services and cannot do so because of allegedly inadequate parking, the reasons for three separate Sunday services, or any alternative parking scenarios.

3. *Paragraph 4, Lines 26-page 3, Lines 1-6.* Lacks foundation, speculative, and hearsay to the extent the declarant is relaying how far people have to walk to attend church, what they do when they see the lot is full, and guessing as to the reasons why people may or may not attend church.

4. *Paragraph 5, Lines 8-10.* Lacks foundation, improper lay witness opinion that parking problems are stifling fellowship.

5. *Paragraph 5, Lines 16-17*. Lacks foundation for conclusion that the City's decision to not allow use of the new facility is a "substantial burden" on the free practice of religion. Fed. R. Evid. 602. Substantial burden is a legal term of art under case law and not a determination that the declarant is qualified to make.

6. *Paragraph 6, Lines 18-25*. Irrelevant that visitors do not obey parking rules. Fed. R. Evid. 402.

7. *Paragraph 6, Lines 24-25*. The statement "[w]e get complaints almost every week due to members parking near residential homes" lacks foundation. Fed. R. Evid. 402.

8. *Paragraphs 7-8*. Lacks foundation and hearsay. The declarant fails to establish any foundation to offer any particulars as to what happens on the freeway off-ramps as people drive to church or what happens to church members while crossing the street.

9. *Paragraph 8, Lines 13-17*. Lacks foundation that there are 400 parking spaces available at the Catalina property or "sparse traffic on Sundays in the light industrial area." The declarant has failed to establish his personal knowledge of the Catalina property. Lacks foundation, speculative and improper lay witness opinion to the extent the declarant concludes that safety problems will be eliminated at the Catalina property.

10. *Paragraph 9, 24-26*. Lacks foundation that the declarant is familiar with the reasons for having three services.

11. *Paragraph 10*. Lacks foundation that the declarant is familiar with any of the various costs associated with inadequate parking.

12. *Paragraph 11, Lines 18-page 6, Line 9*. The declarant fails to establish any foundation to offer any particulars on the number of parking spaces at the new property, or the additional parking available on the weekends resulting from negotiations with neighboring businesses. The declarant's conclusions that use of the new property will solve all of the Church's problems, including but not limited to reducing the number of religious services, redirecting traffic to an empty commercial area, encouraging more members to be at the church at one time, or preventing members from having to "sit[ ] in stopped traffic on a fast moving freeway" lacks foundation and is speculative.

13.  *Paragraph 12.* Objection to the extent this paragraph is based on information and belief rather than on personal knowledge or observation. Fed. R. Evid. 602. Irrelevant. Fed. R. Evid. 402.

### E. Declaration of Senior Pastor Gary Mortara

1.  *Paragraph 5, Lines 9-12.* Lacks foundation, speculative as to reasons why people turned away from Faith Fellowship. Fed. R. Evid. 602.

2.  *Paragraph 5, Line 12-16.* Lacks foundation and speculative as to why the church which was founded in 1947, and which the declarant did not take over until September 1993, located where it did or what City zoning allowed at the time.

3.  *Paragraph 6.* Lacks foundation as to acreage, parking spaces and accessibility of property at 14600 and 14850 Catalina Street.

4.  *Paragraph 7.* Lacks foundation and hearsay to the extent the declarant is relaying what unidentified Church representatives discussed with City officials. Irrelevant insofar as zoning decisions can only be made by the legislative body, not staff or individual Council members. Fed. R. Evid. 401, 402.

5.  *Paragraph 7, Lines 6-14.* Lacks foundation that declarant knows what City officials advised, if anything, and why they did so. Lacks foundation and improper lay witness opinion that the advice given was "irrelevant." Fed. R. Evid. 402, 602.

6.  *Paragraph 9.* The declarant fails to establish that he is a member of the Church's Council or the denomination International Church of the Foursquare Gospel that approved the purchase of, or assented to, the purchase of the Catalina property. Fed. R. Evid. 602.

7.  *Paragraph 11, Lines 13-16.* Lacks foundation, hearsay. Fed. R. Evid. 602, 802.

8.  *Paragraph 12.* The declarant fails to establish any foundation to offer any particulars of the City Council Business Development Committee meeting on June 8, 2006, or what the municipal code allows in industrial districts. The declarant's offered description of the meeting is improper. The Minutes speak for themselves.

9. *Paragraph 15.* Lacks foundation, speculative and argumentative that the Planning Commission delayed taking action or postponed discussion regarding the Catalina property. Fed. R. Evid. 402, 602, 611(a).

10. *Paragraph 17.* The declarant fails to establish any foundation to offer any particulars of the October 12, 2006 meeting of the City Council's Business Development Committee. The declarant's offered description of the meeting is improper. The Minutes speak for themselves.

11. *Paragraph 18.* The declarant's offered description of the meeting is improper. The Minutes speak for themselves.

12. *Paragraph 20.* Lacks foundation and hearsay to the extent the declarant is relaying what one of the Church's attorneys did – sent a letter – and what that letter said. Fed. R. Evid. 602, 802.

13. *Paragraph 21.* The declarant fails to establish any foundation to offer any particulars of the December 7, 2006 meeting of Board of Zoning Adjustment. Fed. R. Evid. 602. The Minutes speak for themselves. Similarly, declarant fails to establish any foundation for his statement that "[a]t all times, the Church staff, or through its agents, provided whatever materials and performed all acts requested by the City in an expedited fashion." Fed. R. Evid. 602. The declarant's offered opinion that "[a]ll delays emanated from the City" lacks foundation and is irrelevant. Fed. R. Evid. 401, 402, 602.

14. *Paragraph 22, Lines 16-18.* Lacks foundation and speculative as to reasons why the church closed escrow.

15. *Paragraph 22, Lines 19-24.* Declarant's offered description of the statements of City officials lack foundation. Fed. R. Evid. 602. They also constitute inadmissible hearsay. Evid. Code 802.

16. *Paragraph 23.* Lacks foundation. Fed. R. Evid. 602. The recommendation of the Redevelopment Advisory Committee speaks for itself.

17. *Paragraph 24.* Lacks foundation. Fed. R. Evid. 602. The recommendation of the Planning Commission speaks for itself.

18. *Paragraph 25.* Lacks foundation. Fed. R. Evid. 602. The Minutes of the City Council speak for themselves.

19. *Paragraph 27 & Exhibit A § n(2).* Lacks foundation. Fed. R. Evid. 602. The Planning Staff Report speaks for itself. Exhibit A lacks foundation and is not properly authenticated. (*See, infra.*)

20. *Paragraph 28 & Exhibit A § n(2).* Lacks foundation. Fed. R. Evid. 602. The Planning Staff Report speaks for itself. Exhibit A lacks foundation and is not properly authenticated.

21. *Paragraph 29 & Exhibit A § n(2).* Lacks foundation. Fed. R. Evid. 602. The Planning Staff Report speaks for itself. Exhibit A lacks foundation and is not properly authenticated. (*See, infra.*)

22. *Paragraph 30 & Exhibit A § n(6).* Lacks foundation. Fed. R. Evid. 602. The Minutes speak for themselves. Exhibit A lacks foundation and is not properly authenticated. (*See, infra.*)

23. *Paragraph 31 & Exhibit A § 0(5).* Lacks foundation. Fed. R. Evid. 602. The Minutes speak for themselves. Exhibit A lacks foundation and is not properly authenticated. (*See, infra.*)

24. *Paragraph 31, Lines 10-14.* Hearsay to the extent the declarant attempts to relay what Paul Gantt said.

25. *Paragraph 32.* The declaration fails to establish any foundation to offer any particulars on the economic damages to the Church. Fed. R. Evid. 602.

26. *Paragraph 33.* Lacks foundation and speculative as to church's annual growth, and reasons why growth stopped last year. Fed. R. Evid. 602.

27. *Paragraph 35.* Lacks foundation that the declarant is familiar with the reasons why people are turned away from the church or what parents feel and irrelevant. Fed. R. Evid. 402, 602.

28. *Paragraphs 34-40.* Irrelevant. Fed. R. Evid. 402.

29. *Paragraph 41, Lines 14-16.* The declarant fails to establish any foundation to offer any particulars on the numbers of cars turned away from the church.

30. *Paragraph 41, Lines 21-page 16, Lines 1-2.* Lacks foundation with respect to numbers of people converted and lost opportunities.

31. *Paragraph 42, Lines 5-6.* The declarant fails to establish any foundation to offer any particulars on the numbers of cars turned away each Sunday.

32. *Paragraph 42, Lines 9-10.* Lacks foundation with respect to numbers of believers and lost opportunities.

33. *Paragraph 43, Lines 22-24.* The declarant fails to establish any foundation to offer any particulars on the nature of the Catalina property or its ability to enable the Church to fulfill all of its missions and goals. Fed. R. Evid. 602.

34. *Paragraph 44.* Lacks foundation as to what those who are allegedly turned away each Sunday feel as a result of the City's denial of the use of the Catalina property. Fed. R. Evid. 602.

35. *Paragraph 45, Lines 10-11.* Lacks foundation and improper lay witness opinion that "the exponential growth of the Church is hampered due to the denial of the use of the Catalina property." Fed. R. Evid. 602.

36. *Paragraph 45, Lines 11-16.* Lacks foundation as to what the new building can or will accommodate in terms of seating, parking or classrooms. Fed. R. Evid. 602.

37. *Paragraphs 45, Lines 16-17.* Lacks foundation and hearsay to the extent the declarant attempts to relay what immediate neighbors have expressed in letters that are not attached as exhibits.

38. *Paragraph 45, Lines 23-24.* Lacks foundation and hearsay to the extent the declarant attempts to relay what neighboring businesses think.

39. *Paragraph 46.* The declarant fails to establish any foundation to offer the opinion that moving to the new building will enable the Church to practice its religious beliefs and accomplish its mission. Fed. R. Evid. 602.

F. **Declaration of Youth Pastor Matt Lacey**

1. *Paragraph 3.* Lacks foundation, speculative that unspecified "conditions imposed by the City of San Leandro against [the declarant's] church have had an adverse impact on Faith Fellowship's Ministries and discipleship programs." Fed. R. Evid. 602.

2. *Paragraph 5.* Lacks foundation that the declarant is familiar with interpretation of building and fire codes. Fed. R. Evid. 602.

3. *Paragraph 6, Lines 21-25.* Lacks foundation that the declarant knows the reasons why parents do not attend the youth activities. Fed. R. Evid. 602.

4. *Paragraph 7, Lines 3-5.* The declarant fails to establish any foundation to offer any particulars on the nature of the Catalina property. Fed. R. Evid. 602.

5. *Paragraph 8.* Lacks foundation and improperly lay witness opinion that denial by the City of the use of the Catalina property "has been a 'substantial burden' on [the church's] ability to evangelize, disciple, and provide social services to students." Fed. R. Evid. 402, 602. Substantial burden is a legal term of art under case law and not a determination that the declarant is qualified to make.

### G. Declaration of Paul Gantt

1. *Qualifications.* Fed. R. Evid. 104(a). The declarant's knowledge, skill, training and experience in fire services and environmental safety do not qualify him as an expert in the field of Planning Commission business or the creation of an Assembly Use (AU) Overlay District.

2. *Paragraph 5.* Lacks foundation as to who prepared statement that the declarant is referring to and purportedly read into the record at a Planning Commission meeting. Lacks foundation that Exhibit A § n(4) is part of an administrative record. The exhibit itself is unauthenticated. (*See, infra.*) Fed. R. Evid. 602.

3. *Paragraph 6.* The Planning Commission's denial speaks for itself and the declarant's attempt to paraphrase the denial, or to opine as to what was or was not emphasized by the Planning Commission, is improper. Fed. R. Evid. 402, 602.

4. *Paragraph 6.* The statement "I could find no rational reason to deny their application based on the perceived hazards" lacks foundation. The declarant does not state how or when he "evaluated the facilities" located near the Catalina property, or the facts or data he relied on for this opinion. Nor is there any discussion as to what the declarant found as a result of his research or review that lead to this conclusion. Fed. R. Evid. 602.

5. *Paragraph 7.* Irrelevant, lacks foundation. Fed. R. Evid. 402, 602. The declarant fails to establish how or when he "examined the 196 properties," or what his staff member's survey

revealed for him to conclude that "there were few, if any, properties zone (sic) AU Overlay that are not within ¼ mile of (sic) business with a Hazardous Materials Business Plan...."

    6.    *Paragraph 9-11 & Exhibit B.* The underlying data for declarant's conclusion is a graphic (Exhibit B) prepared by Land Plan Associates of Pleasanton. The exhibit is unauthenticated, lacks foundation and is hearsay evidence. To the extent Exhibit B was not prepared by the declarant, he cannot authenticate this exhibit. The reasons for declarant's conclusions based on Exhibit B are irrelevant, unreliable and lack foundation. Fed. R. Evid. 402, 602, 702.

    **H.**    **Declaration of Celebrate Recovery Director Raul Rico**

    1.    *Paragraph 4, Lines 23-24.* Lacks foundation as to basis for concluding that church or recovery program has tripled in size. Fed. R. Evid. 602.

    2.    *Paragraph 5.* The declarant's reference to a single occasion where issue specific groups could not meet in separate rooms is insufficient to support declarant's conclusion that they current facility cannot accommodate the recovery ministry. The declarant offers no information about the current facility or its inferior layout. Fed. R. Evid. 602.

    3.    *Paragraph 6.* The declarant fails to establish the length of time she has been Director and on that basis has not established any foundation to offer any particulars on the nature of community need.

    4.    *Paragraph 7.* Irrelevant. Fed. R. Evid. 402.

    5.    *Paragraph 7, page 4, Lines 8-9.* Lacks foundation that declarant is familiar with Catalina site. Fed. R. Evid. 602.

    6.    *Paragraph 8, Lines 11-12.* Lacks foundation that declarant is familiar with Catalina site. Fed. R. Evid. 602.

    **I.**    **Declaration of Josephine Del Rio**

    1.    *Paragraph 3.* Irrelevant. Fed. R. Evid. 402.

    2.    *Paragraph 4.* Irrelevant. Fed. R. Evid. 402.

    3.    *Paragraph 5.* Irrelevant. Fed. R. Evid. 402.

    4.    *Paragraph 6.* Irrelevant, lacks foundation. Fed. R. Evid. 402, 602.

5. *Paragraph 7.* Lacks foundation. Fed. R. Evid. 602. The declarant fails to establish any foundation to offer any particulars about the Catalina property.

**J.     Declaration of Daniel Briggs**

1. *Paragraph 3.* Hearsay to the extent the declarant is relaying what another law clerk (Kevin Rodriguez) did, whom he spoke with at the Environmental Services Division of the City of San Leandro, and what he requested from the City. Fed. R. Evid. 602, 802.

2. *Paragraph 5 & Exhibit D.* Exhibit D is not properly authenticated. Fed. R. Evid. 901, 902.

3. *Paragraph 6 & Exhibit E.* Lacks foundation. Fed. R. Evid. 602. Exhibit E is not authenticated and lacks foundation. Fed. R. Evid. 602, 901, 902.

**K.     Declaration of FaithKidz Ministry Director Alicia Swinderman**

1. *Paragraph 3, Lines 16-17.* Lacks foundation insofar as the declarant has not established that she read or reviewed the affidavit of Casey Lee. Fed. R. Evid. 602.

2. *Paragraph 3, Lines 19-20.* The declarant fails to establish any foundation that she is familiar with the Catalina property or to offer any particulars associated with the City's decision to deny use of the Catalina property. Fed. R. Evid. 602.

3. *Paragraph 4.* Lacks foundation as to declarant's knowledge of number of existing classrooms, number of children turned away, or length of time classrooms because have been closed "every week" because there are no facts as to declarant's length of service as a FaithKidz Ministry Director.

4. *Paragraph 4, page 3, Lines 1-2.* Lacks foundation that declarant is personally familiar with new facility or its ability to accommodate FaithKidz Ministry.

5. *Paragraph 5, Lines 3-4.* The declarant fails to establish any foundation to offer any particulars as to the growth of the FaithKidz Ministry.

6. *Paragraph 5, Lines 4-8.* Irrelevant. Fed. R. Evid. 402. Lacks foundation. Fed. R. Evid. 602.

7. *Paragraph 6.* Lacks foundation that declarant has personal knowledge of the new facility or its ability to accommodate mission to minister to as many children as possible.

8. *Paragraph 7.* The single example offered is an insufficient basis for the declarant's offered conclusion that the church is constrained in practicing its religious beliefs. Lacks foundation that the declarant is personally familiar with the new facility. Fed. R. Evid. 602. Hearsay to the extent the declarant is relaying what a mother felt. Fed. R. Evid. 802.

## II. DECLARATION OF PETER D. MACDONALD, EXHIBIT A (INDEX TO PARTIAL ADMINISTRATIVE RECORD), AND ADMINISTRATIVE RECORD SECTIONS a THROUGH q

The Defendants object to Exhibit A (Index to Partial Administrative Record), and Administrative Record Sections a through q, attached to the Declaration of Peter D. MacDonald. This declaration purports to attach portions of the "administrative record relative to the City of San Leandro's decision on the properties located at 14600 and 14850 Catalina Street in the City of San Leandro, CA." (Declaration of Peter D. MacDonald, paragraph 2.) As an initial matter, the Declaration of Peter D. MacDonald purports to cite to portions of the "Administrative Record." However, no Administrative Record for this proceeding exists as of the date of filing these objections. The "Administrative Record" was compiled by Plaintiffs for purposes of Plaintiffs' "Complaint for Violation of Constitutional Rights and the Religious Land Use and Institutionalized Persons Act (42 U.S.C. 1983, 42. U.S.C. 2000cc)." Plaintiffs did not ask the Defendants to prepare an administrative record for the decision which is being challenged. Said record is neither certified nor complete. Nor has the record referred to been recognized by Defendants as the "Administrative Record" for the decision being challenged. Hence, the Defendants respectfully submit that it would be improper for the Court to consider documents that are not part of a certified administrative record in connection with Plaintiffs' application for a preliminary injunction..

Exhibit A is further objectionable because it is not properly authenticated and lacks foundation. ND Cal. Rule 7-5(a); *Orr v. Bank of America, NT&SA* (9th Cir. 2002) 285 F.3d 764, 776.

///

///

### III. REQUEST FOR JUDICIAL NOTICE & EXHIBIT C

As a preliminary matter, the Defendants object to "Plaintiff and Real Party in Interest's Request for Judicial Notice," (hereinafter "Pltffs' RJN") because Plaintiffs fail to establish any authority for the items contained within the notice.

The Defendants further object to Plaintiffs' request that the Court take notice of the following items:

- The legal definition of "assembly building," pursuant to California Building Code § 203 A. California Building Code § 203 is purportedly "Exhibit C" but this exhibit is not attached to Plaintiffs' Request for Judicial Notice;
- The maximum capacity of San Leandro City Hall;
- San Leandro City Hall is an "assembly building" with a maximum capacity of 156 persons; and
- The number of properties within a 1/4 mile radius of City Hall ("Exhibit D"). (Pltffs' RJN at pp. 2-3.)

The California Building Code is irrelevant. Fed. R. Evid. 401, 402. For purposes of assemblies, the San Leandro Zoning Code governs. Plaintiffs' notice of the legal definition of "assembly building" is also irrelevant for purposes of defining "assembly" under the equal terms provision of RLUIPA. Fed. R. Evid. 401, 402.

The remaining facts are also irrelevant. Fed. R. Evid. 401, 402. In the present action, Plaintiffs seek to enjoin Defendants from preventing them from using 14600 and 14850 Catalina Street for religious assembly purposes. The maximum capacity of City Hall, that City Hall is an "assembly building," or its proximity to properties within a 1/4 mile radius having Hazardous Materials Business Plans, are not relevant to Plaintiffs' application for a rezone, the church's permit applications, or the City's processing of same. Nor are these facts relevant to the Court's determination of whether to issue a preliminary injunction or not. The accuracy of the above-referenced facts is also subject to reasonable dispute and requires formal proof, such that judicial notice is improper. Fed. R. Evid. 201; *Lee v. City of Los Angeles* (9th cir. 2001) 250 F.3d 668, 688-690.

///

///

### IV. PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Accompanying Plaintiffs' Application for a Preliminary Injunction is a separate document entitled "Proposed Findings of Fact and Conclusions of Law." The Defendants hereby object to this document in its entirety, including all sixty-eight findings of fact and all thirty-four conclusions of law. None of the findings or conclusions is supported by any affidavits, admissible evidence, or citations. Defendants are unable to meaningfully respond to Plaintiffs' findings or conclusions. Furthermore, Defendants have objected to all of the affidavits and virtually all of the evidence submitted by Plaintiffs in support of their application for a preliminary injunction. Therefore, Plaintiffs' proposed findings or conclusions should not be adopted by this Court in connection with Plaintiffs' application for a preliminary injunction.

Additionally, in anticipation that Plaintiffs may seek to convert their application for a preliminary injunction to a motion for summary judgment on the basis of the "factual record," the Defendants object on the grounds that notice and hearing requirements have not been met. Fed. R. Civ. P. 56; ND Cal. Rule 7-2(a); *Air Line Pilots Ass'n, Int'l v. Alaska Airlines, Inc.*, 898 F.2d 1393, 1397, n 4 (9th Cir. 1990).

### V. CONCLUSION

Based on all of the foregoing, the Defendants respectfully request that the above evidentiary objections be granted and that the above-referenced paragraphs of the declarations, exhibits and other evidence be stricken.

Dated: August 15, 2007

Respectfully submitted,

MEYERS, NAVE, RIBACK, SILVER & WILSON

By_____
Peter S. Hayes
Attorneys for Defendants

994240_1.DOC