Jayne W. Williams, Esq. (SBN:63203)
jwilliams@meyersnave.com
Deborah J. Fox, Esq. (SBN: 110929)
dfox@meyersnave.com
Peter S. Hayes, Esq. (SBN: 184552)
phayes@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, California 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL CHURCH OF THE FOURSQUARE GOSPEL<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN LEANDRO, TONY SANTOS (in his official capacity), SURLENE G. GRANT (in her official capacity), DIANA M. SOUZA (in her official capacity), JOYCE R. STAROSCIAK (in her official capacity), BILL STEPHENS (in his official capacity), JIM PROLA (in his official capacity), JOHN JERMANIS (in his official and individual capacities), DEBBIE POLLART (in her official and individual capacities), DOES 1-50.<br><br>Defendants. | Case No. C 07-03605 PJH<br><br>**DEFENDANTS' SEPARATE OBJECTION TO PLAINTIFFS' [PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION**<br><br>Date: September 5, 2007<br>Time: 9:00 a.m.<br>Crtrm: 3<br>Complaint Filed: 7/12/07<br>Hon. Phyllis J. Hamilton |

Defendants' Separate Objection to Proposed Order                              [C 07-03605 PJH]

1  Defendants CITY OF SAN LEANDRO, TONY SANTOS, SURLENE G. GRANT, DIANA M. SOUZA, JOYCE R. STAROSCIAK, BILL STEPHENS, JIM PROLA, JOHN JERMANIS, and DEBBIE POLLART (hereinafter collectively "the Defendants") offer the following objections to the "[Proposed] Order Granting Preliminary Injunction," filed by Plaintiffs INTERNATIONAL CHURCH OF THE FOURSQUARE GOSPEL and Real Party in Interest FAITH FELLOWSHIP FOURSQUARE CHURCH (hereinafter collectively "the Plaintiffs").

### I. Injunctions Must be Narrowly Drawn and Precise

Injunctions must be narrowly drawn and precise. *Test Masters Ed. Services, Inc. v. Singh,* 428 F.3d 559, 578 (5th Cir. 2005). An order granting a preliminary injunction must be specific in terms and must set forth the reasons for its issuance and describe in reasonable detail the conduct to be enjoined, without reference to the pleadings or any other documents. Fed. R. Civ. P. 65(d). The injunction must always be tailored to eliminate only the specific harm alleged. It should be no more burdensome to defendant than needed to provide complete relief to plaintiff. *Meinhold v. United States Dept. of Defense,* 34 F3.d 1469, 1480 (9th Cir. 1994).

The proffered order is not so narrowly drawn and on that basis alone should be rejected.

### II. Plaintiffs' Proposed Order Granting Injunction is Overly Broad and Imprecise

In their proposed order, Paragraph 2, subsection (a), Plaintiffs seek an injunction enjoining all Defendants from preventing Plaintiffs from using the Catalina Street property for religious assembly purposes pending a hearing on the merits. (Pltff's Proposed Order, at Para. 2(a).) The Defendants object to this language as overly broad, vague, and not in keeping with the purpose of Rule 65(d) of the Federal Rules of Civil Procedure, which is "to assure adequate notice to parties faced with the possibility of contempt." *Davis v. City & County of San Francisco,* 890 F.2d 1438, 1450 (9th Cir. 1989). The conduct to be enjoined is not adequately described.

For instance, as set forth in Defendants' opposition papers, and the declarations in support thereof, the existing building on Catalina Street will require an extensive remodel before it can be approved as a mega-church facility with an auditorium, classrooms, and related facilities. The City has not had an opportunity to review or approve Plaintiffs' plans for compliance with State and local regulations including, but not limited to, the Uniform Building Code, Uniform Fire Code, and

Uniform Electrical Code. There are a variety of ways in which the Defendants could lawfully enforce its Zoning Code and Building Codes <u>and</u> have the effect of preventing Plaintiffs from using their property. Does this mean the Building Department's refusal to issue a certificate of occupancy would constitute a violation punishable as a contempt of court? Plaintiffs' proposed order does not provide an answer to this question, and many others like it. As a result, Paragraph 2(a) of the proposed order fails to give adequate notice to the Defendants as to what acts or omissions might constitute interference with use.

Paragraph 2, subsection (b), of Plaintiffs' proposed order suffers from the same defects. Here, Plaintiffs purport to enjoin the Defendants from "further delaying the processing of [Plaintiffs'] conditional use permit application." This language is vague and ambiguous. Does this language mean the City must process Plaintiffs' application? Or does it mean that the City must forego processing the application? The Defendants are not required to infer the scope and meaning of the injunction. As drafted, they are required to do just that. Thus, this provision is unenforceable and should be stricken.

Finally, Paragraph 2, subsection (c), enjoins Defendants from "using any criteria, in processing of the conditional use permit application, that would not be applied to any nonreligious assembly...." This language does not reasonably describe the conduct to be enjoined without reference to the pleadings or other documents, in violation of Rule 65(d). Plaintiffs also fail to identify what criteria, if any, are applied to religious assembly uses that are not applied to secular assembly uses. As such, Plaintiffs' proposed order begs the question – do the Defendants need to be enjoined from processing conditional use permit applications where the same standards apply to both secular and nonsecular assembly uses?

Based on all of the foregoing, the Defendants respectfully request that Plaintiffs' proposed order be rejected in total.

Dated: August 15, 2007          Respectfully submitted,

MEYERS, NAVE, RIBACK, SILVER & WILSON

By /s/ Peter S. Hayes
Peter S. Hayes
Attorneys for Defendants

1004264_1.DOC