Kevin T. Snider, State Bar No. 170988
*Counsel of record*
Mathew B. McReynolds, State Bar No. 234797
PACIFIC JUSTICE INSTITUTE
P.O. Box 276600
Sacramento, CA 95827
Tel.  (916) 857-6900
Fax  (916) 857-6902
Email: kevinsnider@pacificjustice.org
       mattmcreynolds@pacificjustice.org
Peter D. MacDonald, State Bar No. 69789
LAW OFFICE OF PETER MACDONALD
400 Main Street, Suite 210
Pleasanton, CA 94566-7371
Tel. (925) 462-0191
Fax. (925) 462-0404
Email: pmacdonald@macdonaldlaw.net

Attorneys for Plaintiff and Real Party in Interest

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL CHURCH OF THE FOURSQUARE GOSPEL, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF SAN LEANDRO, TONY SANTOS (in his official capacity), SURLENE G. GRANT (in her official capacity), DIANA M. SOUZA (in her official capacity), JOYCE R. STAROSCIACK (in her official capacity), BILL STEPHENS (in his official capacity), JIM PROLA (in his official capacity), JOHN JERMANIS (in his official and individual capacities), DEBBIE POLLART (in her official and individual capacities), DOES 1-50, <br><br> Defendants. <br><br> FAITH FELLOWSHIP FOURSQUARE CHURCH, <br><br> Real Party in Interest. | Case No.: CO7-03605-PJH-JCS <br><br> **PLAINTIFF AND REAL PARTY IN INTEREST'S RESPONSE TO DEFENDANTS' OBJECTIONS** <br><br><br> **Date:**    September 5, 2007 <br> **Time:**   9:00 a.m. <br> **Ctrm:**   3 <br> **Hon.:**    Phyllis J. Hamilton <br><br> **Complaint Filed:** 07/12/07 |

**PLAINTIFF AND REAL PARTY IN INTEREST'S RESPONSE TO DEFENDANTS' OBJECTIONS**

Defendants make sweeping objections to the declarations, exhibits and the request for judicial notice filed by the Plaintiff and Real Party In Interest.  These objections are without merit.

Practically all of the objections to the declarations are based on "lack of foundation" (F.R.E. 602).  Lack of foundation is actually an assertion that the declarant lacks personal knowledge, i.e., "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.  Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony." (F.R.E. 602).  The declarations in fact explicitly claim personal knowledge as specifically identified below.

**A. <u>Declaration of Barbara Cabrea (Document 9)</u>**

Defendants object to Paragraphs 3-5 based on F.R.E. 602 claiming a "lack of foundation."  The objection is without merit.  Paragraph 1 states:  "That if called upon, I could and would testify truthfully, *as to my own personal knowledge*, as follows."  (Emphasis added).  The attestation states, in part, "the foregoing is true and correct and is of my own personal knowledge." (Emphasis added).

Defendants object to Paragraph 5 under F.R.E. 402 as irrelevant.  Defendants fail to identify which portion of Paragraph 5 is irrelevant.  Said paragraph is relevant in that it discussed sincerity of belief.  This is a relevant inquiry when there are First Amendment claims. *U.S. v. Seeger*, 380 US 163, 185 (1965).  Further, the paragraph is relevant in that it addresses the issue of substantial burden which is an element in the RLUIPA statute.  42 U.S.C. § 2000cc(a)(1).

Defendants object to Paragraph 5 under F.R.E. 702 (expert testimony).  Defendants fail to identify which portion of Paragraph 5 requires expert testimony.

**B. <u>Declaration of Casey Lee (Document 10)</u>**

Defendants object to Paragraphs 3-4, and 6 based on F.R.E. 602 claiming a "lack of foundation." The objection is without merit. Paragraph 1 states: "That if called upon, I could and would testify truthfully, *as to my own personal knowledge*, as follows." (Emphasis added). The attestation states, in part, "the foregoing is true and correct and is of my own personal knowledge." (Emphasis added).

Defendants object to Paragraph 3 under F.R.E. 402 as irrelevant. Defendants fail to identify which portion of Paragraph 3 is irrelevant. The paragraph is relevant in that it addresses the issue of substantial burden which is an element in the RLUIPA statute. 42 U.S.C. § 2000cc(a)(1).

Defendants object to Paragraph 4 under F.R.E. 802 as hearsay. In that the declarant is not reciting a statement of another (e.g., "I'm frustrated" or "I'm exacerbated") the statement is not hearsay. Further, even if these are deemed statements, they would fall under the present sense exception (F.R.E. 802(1)), excited utterance (F.R.E. 802(2)), and existing mental or emotional condition exception (F.R.E. 802(3)).

**C. <u>Declaration of Catalina Vaughn (Document 10)</u>**

Defendants object to Paragraphs 4-6 based on F.R.E. 602 claiming a "lack of foundation." The objection is without merit. Paragraph 1 states: "That if called upon, I could and would testify truthfully, *as to my own personal knowledge*, as follows." (Emphasis added). The attestation states, in part, "the foregoing is true and correct and is of my own personal knowledge." (Emphasis added).

Defendants object to Paragraph 5 under F.R.E. 402 as irrelevant concerning assistance to the poor. The paragraph is relevant in that it addresses the issue of substantial burden which is an element in the RLUIPA statute. 42 U.S.C. § 2000cc(a)(1).

**D. <u>Declaration of Dave Mortara (Document 12)</u>**

Defendants object to Paragraphs 3-6, 9-12 based on F.R.E. 602 claiming a "lack of foundation." The objection is without merit. Paragraph 1 states: "That if called upon, I could and would testify truthfully, *as to my own personal knowledge*, as follows." (Emphasis added). The attestation states, in part, "the foregoing is true and correct and is of my own personal knowledge." (Emphasis added).

Defendants object to Paragraph 6 under as irrelevant. The paragraph is relevant in that it addresses the issue of substantial burden which is an element in the RLUIPA statute. 42 U.S.C. § 2000cc(a)(1).

Defendants object to Paragraph 12, regarding the seating capacity of City Hall, to the extent that it is based upon information and belief. (F.R.E. 602). A second declaration by David Mortara as to the seating capacity of City Hall has been filed with the Reply. Said declaration is based upon personal knowledge.

Defendants object to Paragraph 12 under as irrelevant. (F.R.E. 402). The paragraph is relevant in that it addresses the issue of equal terms which is an element in the RLUIPA statute. 42 U.S.C. § 2000cc(b)(1).

It should be noted that Defendants make numerous objections without citing to and rule of evidence. To the extent that no rule is cited, then objection is improper.

**E. <u>Declaration of Gary Mortara (Document 13)</u>**

Defendants object to Paragraphs 5-7, 9-11, 15, 20-25, 27-33, 35, 41-46 based on F.R.E. 602 claiming a "lack of foundation." The objection is without merit. Paragraph 1 states: "That if called upon, I could and would testify truthfully, *as to my own personal knowledge*, as follows." (Emphasis added). The attestation states, in part, "the foregoing is true and correct and is of my own personal knowledge." (Emphasis added).

Defendants object to Paragraph 11 under F.R.E. 802 as hearsay.  In that the declarant is not reciting a statement of another the testimony is not hearsay.

Defendants object to Paragraph 34-40 (*Essential Tenets of Faith and Theology*) under F.R.E. 402 as irrelevant.  Said paragraphs are relevant in that they discuss sincerity of belief.  This is a relevant inquiry when there are First Amendment claims. *U.S. v. Seeger*, 380 US 163, 185 (1965).  Further, the paragraphs are relevant in they lay a foundation for the issue of substantial burden which is an element in the RLUIPA statute.  42 U.S.C. § 2000cc(a)(1).

Defendants object to Paragraph 11 under F.R.E. 802 as hearsay.  In that the declarant is not reciting a statement of another the testimony is not hearsay.

It should be noted that Defendants make numerous objections without citing to any rule of evidence, i.e., objections to ¶5, lines 12-16, ¶6, ¶12, ¶¶17-18, ¶22, lines 16-18, ¶31, lines 10-14, ¶41, lines 14-16, ¶41, pg. 16, lines 1-2, ¶42, lines 5-6, ¶42, lines 9-10, ¶45, lines 11-17, ¶45, lines 23-24.  To the extent that no rule is cited, the objection is improper.

**F. Declaration of Matt Lacey (Document 14)**

Defendants object to Paragraphs 3, 5, 6-8 based on F.R.E. 602 claiming a "lack of foundation."  The objection is without merit.  Paragraph 1 states:  "That if called upon, I could and would testify truthfully, *as to my own personal knowledge*, as follows."  (Emphasis added).  The attestation states, in part, "the foregoing is true and correct and is of my own personal knowledge."  (Emphasis added).

Defendants object to Paragraph 8 under F.R.E. 402 as irrelevant.  The paragraph is relevant in that it addresses the issue of substantial burden which is an element in the RLUIPA statute.  42 U.S.C. § 2000cc(a)(1).

**G. <u>Declaration of Paul Gantt (Document 15)</u>**

Defendants object to the declarant providing his qualifications as an expert under F.R.E. 104(a). This is apparently because the court determines whether a witness is an expert. That is the correct rule for live testimony but not for declarations.

Defendants object to Paragraphs 5-7 and 9-11 based on F.R.E. 602 claiming a "lack of foundation." The objection is without merit. Paragraph 1 states: "That if called upon, I could and would testify truthfully, *as to my own personal knowledge*, as follows." (Emphasis added). The attestation states, in part, "the foregoing is true and correct and is of my own personal knowledge." (Emphasis added).

Defendants also object to Exhibit B referred to in Paragraphs 9-11 based on F.R.E. 602. Specifically, the Defendants state that the Exhibit is inadmissible because it was not prepared by the declarant. In fact, Paragraph 7 confirms that Exhibit B was prepared at the declarant's direction. Moreover, a declaration by the principle of the firm (David Chadbourne) which created Exhibit B has been filed with the Reply.

**H. <u>Declaration of Raul Rico (Document 16)</u>**

Defendants object to Paragraphs 4-8 based on F.R.E. 602 claiming a "lack of foundation." The objection is without merit. Paragraph 1 states: "That if called upon, I could and would testify truthfully, *as to my own personal knowledge*, as follows." (Emphasis added). The attestation states, in part, "the foregoing is true and correct and is of my own personal knowledge." (Emphasis added).

Defendants object to Paragraph 8 under F.R.E. 402 as irrelevant. The paragraph is relevant in that it addresses the issue of substantial burden which is an element in the RLUIPA statute. 42 U.S.C. § 2000cc(a)(1).

**I.  Declaration of Josephine Del Rio (Document 17)**

Defendants object to Paragraphs 6-7 based on F.R.E. 602 claiming a "lack of foundation." The objection is without merit.  Paragraph 1 states:  "That if called upon, I could and would testify truthfully, *as to my own personal knowledge*, as follows."  (Emphasis added).  The attestation states, in part, "the foregoing is true and correct and is of my own personal knowledge." (Emphasis added).

Defendants object to Paragraphs 3-6 under F.R.E. 402 as irrelevant.  The paragraphs are relevant in that it addresses the issue of substantial burden which is an element in the RLUIPA statute.  42 U.S.C. § 2000cc(a)(1).

**J.  Declaration of Daniel Briggs (Document 19)**

Defendants object to Paragraph 6 based on F.R.E. 602 claiming a "lack of foundation." The objection is without merit.  Paragraph 1 states:  "That if called upon, I could and would testify truthfully, *as to my own personal knowledge*, as follows."  (Emphasis added).  The attestation states, in part, "the foregoing is true and correct and is of my own personal knowledge." (Emphasis added).

**K.  Declaration of Alicia Swinderman (Document 42)**

Defendants object to Paragraphs 3-7 based on F.R.E. 602 claiming a "lack of foundation." The objection is without merit.  Paragraph 1 states:  "That if called upon, I could and would testify truthfully, *as to my own personal knowledge*, as follows."  (Emphasis added).  The attestation states, in part, "the foregoing is true and correct and is of my own personal knowledge." (Emphasis added).

Defendants object to Paragraph 7 under F.R.E. 802 as hearsay.  In that the declarant is not reciting a statement of another (e.g., "the mother was unhappy") the statement is not hearsay. Further, even if these are deemed statements, they would fall under the present sense exception

(F.R.E. 802(1)), excited utterance (F.R.E. 802(2)), and existing mental or emotional condition

exception (F.R.E. 802(3)).

## II.    Declaration of Peter MacDonald, Exh A and Administrative Record Sections a-q.

### a.    Administrative Record

Defendants' object to the Administrative Record because it was compiled by the Plaintiff.

Defendants' cite to no authority for this objection.

Defendants next assert that the Administrative Record (i.e., Exhibit A, sections a-q) are not

properly authenticated.  In support for this, Defendants cite, *Orr v. Bank of America, NT&SA* 385

F.3d 761 (9th Cir 2002).  The court in Orr opined that "authentication is a 'condition precedent to

admissibility,' and this condition is satisfied by 'evidence sufficient to support a finding that the

matter in question is what its proponent claims.'" *Id.*, 773.  Defendants' objection is totally lacking

in merit.  Sections a-q are documents that are primarily generated by the City of San Leandro (e.g.,

staff reports, minutes, agendas, City Zoning Regulations, etc.) or are a in the City's own files and

are public records.  Moreover, the frivolous nature of the City's objection is underscored by the

fact that the City has re-filed many of the same documents to which they are now objecting.

For example:

a) The letter from the City Planning Manager (D. Pollart) to the Church's Facilities Director

   (J. Lee) is Pltf Ex A, §a(4) (Document 22-4) and Def Ex B of Pollart decl. (Document 50-

   3);

b) Memorandum from the City Planning Manager to the City's Business Development

   Subcommittee is  Pltf Ex A, §d(2) (Document 24) and Def Ex C of Pollart decl.

   (Document 50-4);

c) Minutes from City's Board of Zoning Adjustments (10/19/06) is Pltf Ex A, §e(3)

   (Document 25-2) and Def Ex E of Pollart decl. (Document 50-6);

d)  Memorandum from the City Planning Manager to the City's Community Development Department (02/22/07) is Pltf Ex A, §j(2) (Document 30-2) and Def Ex F of Pollart decl. (Document 50-7);

e)  Minutes from City's Planning Commission (02/22/07) is Pltf Ex A, §j(3) (Document 30-3) and Def Ex G of Pollart decl. (Document 50-8);

f)  Church's Planning Application Permit (03/28/07) is Pltf Ex A, §m(1) and Def Ex H of Pollart decl. (Document 50-9);

g)  Memorandum from the City Planning Manager to the City's Community Development Department (04/12/07) is Pltf Ex A, §n(2) and Def Ex K of Pollart decl.(Document 50-12);

h)  Minutes from City's Planning Commission (04/12/07) is Pltf Ex A, §n(6) (Document 34-5) and Def Ex L of Pollart decl. (Document 50-13);

i)  Minutes from City Council (05/07/07) is Pltf Ex A, §o(4) (Document 35-11) and Def Ex B of Handa decl. (Document 46).

In addition, Attorney Peter MacDonald's letter to the City Council with attachments (Pltf Ex A §o(3) (Document 35-3) is referenced in the letter from the City's Attorney (Jane Williams) to counsel for the Church (Peter MacDonald and Kevin Snider), i.e., Def Ex A of Hayes decl. (Document 48).

Defendants' filing of hundreds of pages of duplicative documents, to which they also object, is unnecessarily burdensome to the Court and brings confusion to the record.

Defendants' position that evidence is limited to the administrative record is not the standard in RLUIPA litigation.  In a recent RLUIPA case the District Court for the Northern District of California overruled both plaintiff's and defendant's motions in limine to restrict evidence to that found in the administrative record.  *Redwood Christian Schools v. County of Alameda* 2007 WL 214317 (N.D. Cal 2007).

**III.    Request for Judicial Notice and Exhibit C (Document 8)**

Defendants object to the Plaintiff's Request for Judicial based upon relevance.  (F.R.E. 402).  The request for judicial notice of facts which show that a building within the jurisdiction of the City, and indeed the City Hall, has not been burdened with the requirement of a ¼ mile perimeter from Hazardous Materials Business Plans is relevant.  This fact speaks to the issue of whether the church has been treated equally with a non-religious assembly.  The facts to be judicially noticed address the issue of equal terms which is an element in the RLUIPA statute.  42 U.S.C. § 2000cc(b)(1).

Defendants object to Exhibit C (Cal Building Code §203) because it is not attached to the Plaintiff's Request for Judicial.  Said document was properly filed with the Court.  (See, Document 39).

**IV.    Proposed Findings of Fact and Conclusions of Law (Document 7)**

Defendants have failed to cite any authority in support of its objection to the Proposed Findings of Fact and Conclusions of Law.

Date:  August 22, 2007

_/S/  Kevin Snider_____
Kevin T. Snider
Mathew B. McReynolds
Peter D. MacDonald
Attorneys for Plaintiff and
Real Party in Interest

RESPONSE TO DEFENDANTS' OBJECTIONS