1  Jayne W, Williams, Esq. (SBN:63203)
   jwilliams@meyersnave.com
2  Deborah J. Fox, Esq. (SBN: 110929)
   dfox@meyersnave.com
3  Peter S. Hayes, Esq. (SBN: 184552)
   phayes@meyersnave.com
4  MEYERS, NAVE, RIBACK, SILVER & WILSON
   555 12th Street, Suite 1500
5  Oakland, California  94607
   Telephone: (510) 808-2000
6  Facsimile: (510) 444-1108

7  Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL CHURCH OF THE FOURSQUARE GOSPEL<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN LEANDRO, TONY SANTOS (in his official capacity), SURLENE G. GRANT (in her official capacity), DIANA M. SOUZA (in her official capacity), JOYCE R. STAROSCIAK (in her official capacity), BILL STEPHENS (in his official capacity), JIM PROLA (in his official capacity), JOHN JERMANIS (in his official and individual capacities), DEBBIE POLLART (in her official and individual capacities), DOES 1-50.<br><br>Defendants. | Case No.  C 07-03605 PJH<br><br>**DEFENDANTS' OBJECTIONS TO REPLY DECLARATIONS IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: September 5, 2007<br>Time:  9:00 a.m.<br>Crtrm: 3<br>Complaint Filed: 7/12/07<br>Hon. Phyllis J. Hamilton |

Defendants CITY OF SAN LEANDRO, TONY SANTOS, SURLENE G. GRANT, DIANA M. SOUZA, JOYCE R. STAROSCIAK, BILL STEPHENS, JIM PROLA, JOHN JERMANIS, and DEBBIE POLLART (hereinafter collectively "the Defendants") offer the following objections to the reply declarations submitted by Plaintiff INTERNATIONAL CHURCH OF THE FOURSQUARE GOSPEL and Real Party in Interest FAITH FELLOWSHIP FOURSQUARE CHURCH (hereinafter collectively "the Plaintiff").

## I. ON REPLY, PLAINTIFF MAY NOT INTRODUCE NEW FACTS OR DIFFERENT LEGAL ARGUMENTS

Local rules generally permit the moving party to file a reply brief in order to respond to the opposition. ND CA Rule 7-3(c). The moving party may specifically address the points and authorities presented in the opposition and object to evidence. A reply brief may also properly address new matters raised in the opposition brief *if the issues reasonably were unforeseen at the time of the opening brief. Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb, Inc.,* 767 F.Supp. 1220, 1235 (SD NY 1991) (italics added). On the other hand, reply papers introducing new facts, or different legal arguments than presented in the moving papers, are typically not allowed. *See Lujan v. National Wildlife Federation,* 497 U.S. 879, 894-895, 110 S.Ct. 3177, 3192 (1990). The Court has discretion to disregard late-filed factual matters. *Lujan,* 497 U.S. at 894-895; *see also Glenn K. Jackson, Inc. v. Roe,* 273 F.3d 1192, 1201-1202 (9th Cir. 2001). If the Court relies on new material contained in the reply brief, moreover, the opposing party must be afforded a reasonable opportunity to respond. *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1165-1165 (10th Cir. 1998).

In the instant case, Plaintiff has submitted 5 reply declarations in support of their motion for a preliminary injunction. Some of the declarations are "second" declarations prepared by declarants who offered declarations at the time of Plaintiff's opening brief; other declarants are brand new.

As set forth more fully below, all of the declarations are objectionable in the aggregate and individually. In the aggregate, all of the declarations cause Plaintiff to exceed the 15-page limit for reply memoranda. ND CA Rule 7-4(b). Secondly, all of the declarations seek to add foundational facts or cover issues that could reasonably be foreseen and presented at the time of Plaintiff's opening brief. For this reason alone, the Court, in its discretion, may disregard them. Lastly, the declarations

are objectionable on the grounds that they do not respond to issues raised in Defendants' opposition papers and for this reason alone should be stricken in total.

Defendants further specifically object to the declarations as follows:

## II.  INDIVIDUAL OBJECTIONS TO PLAINTIFF'S FIVE REPLY DECLARATIONS

### A.  Objections to Second Declaration of Dave Mortara

Dave Mortara earlier proffered a declaration in support of Plaintiff's motion for a preliminary injunction as the "Parking Director for Faith Fellowship Worship Center." In his second declaration, Mr. Mortara avers only that he is "on staff at Faith Fellowship Worship Center." Second Mortara Decl., ¶ 2. In Paragraphs 4 through 6, Mr. Mortara avers that he visited San Leandro City Hall on one occasion. Based on that single visit, he relays that a maximum capacity placard posted at City Hall states that City Hall Chambers seats 140 persons. Second Mortara Decl., ¶ 4. He states that he counted 15 chairs in a "standing room" area in the back of the main meeting hall. Second Mortara Decl., ¶ 5. He speculates that this area is used "when the City Council Chambers are full." *Id*. He counted 35 seats in "Sister City Room," next to City Council Chambers. He further speculates that this room "is used for overflow" and has mounted speakers "so that people in that room can listen in on the meetings in the main auditorium." Second Mortara Decl., ¶ 6.

The above "facts" are new. They lack foundation. Fed. R. Evid. 602. They do not respond to issues raised in Defendants' opposition papers. These "facts" are also irrelevant to the subject matter of this action. Fed. R. Evid. 401, 402. In the present action, Plaintiff seeks to enjoin Defendants from preventing them from using the Catalina Street property for religious assembly purposes. At issue is Plaintiff's application for a rezone and permit applications. City Hall is not located in either the Industrial Park zoning district or in the Assembly Use Overlay District. It is not the subject of a rezoning application. It is not subject to any of the zoning regulations at issue in this action. Thus, the maximum capacity of and seating in City Hall Chambers, the "standing room area," and the "Sister City Room," do not tend to prove or disprove the lawfulness of the City's processing of Plaintiff's application for a rezone or permit applications. Nor are these facts probative of Plaintiff's entitlement to a preliminary injunction that prohibits the City from preventing Plaintiff from using the Catalina property as a religious facility.

Mr. Mortara's declaration is also based on incompetent and unreliable hearsay evidence (Fed. R. Evid. 802) to the extent it relays that an unnamed, unidentified "custodian" purportedly "confirmed the capacity of the rooms" described by Mr. Mortara. Second Mortara Decl., ¶ 7.

### B. Objections to Declaration of David Chadbourne

Lacks foundation. Fed. R. Evid. 602. Mr. Chadbourne is a principal at a graphic design firm. He looked at a list of properties to be rezoned and a list of properties with HMBP's. He "oversaw" preparation of a map, which purports to be a graphic depiction of the location of properties with a Hazardous Materials Business Plan (HMBP) in relation to the City's Assembly Use (AU) Overlay District. Chadbourne Decl., ¶¶ 2, 4. Based on this limited information, Mr. Chadbourne is not qualified to offer an opinion as to all of the rezoned properties within the AU Overlay District, or their proximity to businesses with HMBP's. Nor is he qualified to conclude, based on a map prepared by someone else, at his direction, that there is no parcel within the AU Overlay District that is not within 1/4 mile of a business with a HMBP. Chadbourne Decl., ¶¶ 4, 5.

Additionally, Plaintiff and Mr. Chadbourne fail to proffer any reason why Mr. Chadbourne's declaration could not be offered at the time of Plaintiff's opening brief. For this reason alone, the Court may disregard Mr. Chadbourne's late-filed declaration.

### C. Objections to "Second Declaration of James M. Lee"

This declaration is entitled "Second Declaration of James M. Lee." As a preliminary matter, this is confusing because no one calling himself James M. Lee offered a first declaration in support of Plaintiff's motion for a preliminary injunction.

Secondly, Mr. Lee's declaration lacks foundation. Fed. R. Evid. 602. Although he avers that he is the Facilities Manager of Faith Fellowship Church, for some indeterminate period of time, Mr. Lee has not established that he is personally familiar with "what happened relative to the Conditional Use Permit ("CUP") 'additional information' request by San Leandro." Nor has he established a foundation to argue, on behalf of Plaintiff, that responding to the City's request for additional information would be "a futile act," without a court order. Lee Decl., ¶ 3. This statement is also an improper legal conclusion.

Additionally, Mr. Lee's declaration does not address any of the points raised by Defendants' opposition papers. In opposing Plaintiff's motion for a preliminary injunction, Defendants set forth several reasons why an injunction would be inappropriate, including Plaintiff's inability to occupy the Catalina property "as is," based on the absence of information from Plaintiff as to what exists there now, versus what would have to be done in terms of development and/or improvements to accommodate Plaintiff's proposed uses and comply with State and local regulations. In response, Mr. Lee conjectures: "[w]e stand ready to provide the additional information requested by the City in its April 25, 2007 letter as soon as the Court directs the City to process the CUP application." Lee Decl., ¶ 3. Mr. Lee's offer to provide needed information ex post facto not only misses the point of Defendants' opposition – the inappropriateness of injunctive relief that would require the City to stop "further delaying" the processing of Plaintiff's incomplete CUP application – but is also irrelevant to the Court's determination of whether or not an injunction shall issue in the first place. Fed. R. Evid. 401, 402.

### D. Objections to Declaration of Ed Bullok

Mr. Bullok's 40 years of experience in real estate does not qualify him to opine as to the minimum acreage required for a church with over 1,000 attendees. Bullok Decl., ¶¶ 2, 4.

*Paragraph 5:* Lacks foundation for Mr. Bullok's conclusion that the City chose "less desirable industrial and commercial locations" for the Assembly Use (AU) Overlay District. Fed. R. Evid. 602. Mr. Bullok does not explain how he is "familiar with" the AU Overlay District passed by the San Leandro City Council, or the properties comprising the AU Overlay District. Mr. Bullok's averments are irrelevant. Fed. R. Evid. 401, 402. Mr. Bullok fails to establish when he appeared before the Board of Zoning Adjustments. His attempt to relay what was said at the meeting(s), moreover, is inadmissible hearsay. Fed. R. Evid. 802.

*Paragraph 6*: Mr. Bullock's testimony that "there are no properties with land size (3 acres plus), building size (40,000 to 50,000 sq. ft.), of a suitable configuration (typically rectangular and not L shaped), and with adequate traffic access appropriate to the Church's needs" and that "there is not any property that comes even close to meeting the Church's criteria stated above," completely lacks foundation. Fed. R. Evid. 602. Mr. Bullok has not established that he has personally inspected

Defendants' Objections to Reply Declarations                                                                    [C 07-03605 PJH]
4

the Catalina Street property, knows the square footage of the building on the property, or knows its configuration. Mr. Bullok has not set forth any facts establishing any foundation for his opinion as to what is or is not a "suitable configuration" for assembly use or Plaintiff's church. Mr. Bullok has not set forth any facts establishing any foundation for his opinion as to what is or is not "adequate traffic access appropriate to the Church's needs." He is not a member of Plaintiff's Church; he is a realtor. Mr. Bullok's conclusion that there are no parcels larger than three acres for sale lacks foundation insofar as Mr. Bullok has failed to identify the area for which he has purportedly checked property listings, a time frame, or the type of real estate (e.g. residential, commercial, etc.) to which he is referring. Fed. R. Evid. 602. The real estate market is also irrelevant to the Court's determination of whether a preliminary injunction should issue allowing Plaintiff to use the Catalina property and prohibiting Defendants from preventing Plaintiff from doing so. Fed. R. Evid. 401, 402.

### E. Objections to Declaration of Dan E. McNely & Exhibit F

Exhibit F attached to the Declaration of Dan E. McNely is purportedly a list of projects completed by McNely Construction Company. This exhibit is not properly authenticated and is irrelevant. Fed. R. Evid. 401, 402 and 802.

*Paragraph 2*: Mr. McNely concludes, without any support or foundational facts, that the projects listed on Exhibit F are "comparable" to Plaintiff's proposed conversion of the Catalina Street property. Fed. R. Evid. 602. Mr. McNely states that McNely Construction has converted "existing properties for one use into a different occupancy," but fails to elaborate on what the prior uses were, or the types of occupancy upon conversion. It further strains reason that all of the completed projects, set forth on the seven pages comprising Exhibit F, are "comparable."

*Paragraph 3*, *Lines 24-25*: Mr. McNely fails to set forth any facts establishing his "familiarity" with the Catalina Street property. Fed. R. Evid. 602.

*Paragraphs 3-4:* Mr. McNely fails to set forth any facts establishing that he is familiar with the current condition of the Catalina Street property, what exists on the property today, and/or the types of development or improvements proposed by Plaintiff, if any. There are no facts establishing any basis for Mr. McNely's conclusion that "standard upgrades" would be suitable for the Catalina Street property. There are no facts from which Mr. McNely might conclude that a "temporary

assembly use" is appropriate or would be permissible under any circumstances. Nor does the declarant offer any definition as to what he means by temporary assembly use. These paragraphs simply lack a foundation. Fed. R. Evid. 602.

## III. CONCLUSION

Based on all of the foregoing, the Defendants respectfully request that this Court ignore Plaintiff's late-filed declarations and sustain Defendants' objections thereto.

Dated: August 29, 2007         Respectfully submitted,

MEYERS, NAVE, RIBACK, SILVER & WILSON

By_____/s/_____
    Peter S. Hayes
    Attorneys for Defendants

1007829_1.DOC