1

Kevin T. Snider, State Bar No. 170988
*Counsel of record*

2

Mathew B. McReynolds, State Bar No. 234797

3

PACIFIC JUSTICE INSTITUTE
P.O. Box 276600

4

Sacramento, CA 95827

5

Tel.  (916) 857-6900
Fax  (916) 857-6902

6

Email: kevinsnider@pacificjustice.org

7

        mattmcreynolds@pacificjustice.org
Peter D. MacDonald, State Bar No. 69789

8

LAW OFFICE OF PETER MACDONALD

9

400 Main Street, Suite 210
Pleasanton, CA 94566-7371

10

Tel. (925) 462-0191

11

Fax. (925) 462-0404
Email: pmacdonald@macdonaldlaw.net

12

13

Attorneys for Plaintiff and Real Party in Interest

14

15

16

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

17

18

INTERNATIONAL CHURCH OF THE ) Case No.:  CO7-03605-PJH-JCS
FOURSQUARE GOSPEL,                    )

19

                                      ) **JOINT CASE MANAGEMENT**
                                      ) **STATEMENT**

20

Plaintiff,                            )
                                      )

21

v.                                    )
                                      )

22

                                      )

23

CITY OF SAN LEANDRO,TONY              )
SANTOS (in his official capacity),    )

24

SURLENE G. GRANT (in her official     ) **Date:**   October 18, 2007
capacity), DIANA M. SOUZA (in her     ) **Time:**   2:30 a.m.

25

official capacity), JOYCE R.          ) **Ctrm:**   3
                                      ) **Hon.:**   Phyllis J. Hamilton

26

STAROSCIACK (in her official          )
capacity), BILL STEPHENS (in his      )

27

official capacity), JIM PROLA (in his )

28

1  official capacity), JOHN JERMANIS (in )
   his official and individual capacities),  )
2  DEBBIE POLLART (in her official and  )
   individual capacities), DOES 1-50,  )
3                                          )
                                           )
4  Defendants.                            )
                                           )
5                                          )
   FAITH FELLOWSHIP FOURSQUARE )
6  CHURCH,                               )
                                           )
7                                          )
   Real Party in Interest.               )
8

9        Comes now Plaintiff INTERNATIONAL CHURCH OF THE FOURSQUARE GOSPEL

10  and Real Party in Interest FAITH FELLOWSHIP FOURSQUARE CHURCH (hereinafter

11  "Plaintiff"), and Defendant CITY OF SAN LEANDRO, and all individually named defendants

12  (hereinafter collectively "Defendants"), who jointly submit this Case Management Statement

13  pursuant to Civil Local Rule 16-9:

14  **1.    Jurisdiction and Service:**

15       a)    Jurisdiction

16       Plaintiff's Claims:

17       28 U.S.C. § 1331, 1343(3) (4), 2201 and 2202, 42 U.S.C. §§ 1983 and 42 U.S.C. § 2000cc.

18       Defendants' Claims:

19       Jurisdiction is properly conferred under 28 U.S.C. §§ 1331 (Federal Question), 1343 (Civil

20  rights and elective franchise), and 42 U.S.C. § 2000cc (RLUIPA).    Plaintiff's motion for

21  preliminary injunctive relief was denied on October 2, 2007.

22       b)    Service

23       All parties have been served.

24  **2.    Facts:**

25       Plaintiff's Claims:

26       The Church has significantly outgrown its current facility.  The results are that (1) it cannot

27  meet the needs of all those seeking its help, and (2) the residential neighborhood experiences

28

significant adverse impact due to the numbers of people attempting to attend.  As such, the church found a property (Catalina Property) in an area zoned industrial park (IP).  On 5/3/06 Church staff met with City staff to discuss the matter prior to close of escrow.  City staff asserted that assembly use is not allowed in IP – either by right or by CUP – and thus the Church should seek to have the Catalina Property rezoned to industrial limited (IL).  The Church filed an application for a zoning map amendment with the City on 5/11/06.  After receiving the application City staff began a process of drawing up a proposal for the City's consideration which would create an assembly use overlay (AUO).  City staff did not take further action on processing the Church's application but instead proceeded with the AUO proposal.  Not able to extend the deadline for the purchase of the property any longer, the Church closed escrow on 12/29/06.  The City Council passed the AUO on 3/19/07 which has 196 properties eligible for assembly use totaling 218 acres.

The Church believed that it had another option available to use the property for assembly use, i.e., apply for a conditional use permit (CUP) for a proposed assembly use.  Thus on 3/25/07 the Church filed an application for a CUP for a proposed assembly use.

On 4/12/07 the City's Planning Commission voted to deny the Church's application for an amendment to the zoning map of the Catalina Property.  The Church appealed to the City Council. On 4/25/07 City staff sent a letter to Church staff stating that the CUP application for the assembly use was incomplete and requested additional information.  On 5/7/07 the City Council denied the Church's appeal.  The reasons for the denial are primarily that (1) use of the Catalina Property for religious assembly does not fit within the General Plan, and, (2) the Catalina Property's proximity to properties which have filed hazardous materials business plans.

Defendants' Claims:

Plaintiff holds title to property located at 14600 and 14850 Catalina Street in San Leandro ("Catalina Property").  Plaintiff's affiliate Faith Fellowship Foursquare Church ("Church"), Real Party in Interest, currently uses and occupies an existing facility at 577 Manor Drive in San Leandro, where the Church conducts religious services and a variety of additional events.  The Church has grown from a modest congregation of approximately 85 persons into a mega church

with more than 1400 members.  The Church wants to occupy and use the Catalina Property for its religious activities.  The Catalina Property is zoned Industrial Park ("IP").  Defendants denied ICFG's application to re-zone the Catalina Property from IP to Industrial Park Assembly Use Overlay (IP-AU).  Defendants determined that the Catalina Property is inappropriate for addition to a new Assembly Use Overlay (AU) District.  On April 25, 2007 and September 20, 2007, Defendants sent Plaintiff a letter of incompleteness regarding its application for a conditional use permit (CUP) for the Catalina Property. Plaintiff alleges that Defendants violated the Church's constitutional rights and rights under RLUIPA by refusing to allow the Church to expand its operations.

**3.    Legal Issues:**

Plaintiff's Claims:

1.    Has there been a substantial burden on the Church's religious exercise by being denied the use of its property, by the City, for religious assembly?

2.    Is the City's denial of the use of the Church's property for religious assembly justified by a narrowly tailored compelling state interest which uses the least restrictive means?

3.    Is maintaining the City's General Plan a compelling interest?

4.    Is preventing an assembly within ¼ mile of a property with a hazardous materials business plan a compelling interest?

5.    Has the Church been treated on less than equal terms with other nonreligious assemblies?

6.    Is the standard of review under §2000cc(b)(1) strict scrutiny or rational basis?

7.    Has the church been totally excluded from a jurisdiction or had unreasonable limits placed upon it in violation of §2000cc(b)(3)?

8.    Have the actions of defendants deprived the Church of its freedoms of speech, religion, assembly and association under the First Amendment?

9. Have the actions of defendants deprived the Church of its equal protection rights under the Fourteenth Amendment?

10. Have the actions of defendants deprived the Church of due process and equal protection under the laws under the Fourteenth Amendment?

<u>Defendants' Claims</u>:

1. Whether Plaintiff exhausted of all available administrative remedies, when Plaintiff's CUP application is incomplete and still pending;

2. Whether the City's action imposes a substantial burden under RLUIPA;

3. Whether the City's actions violated RLUIPA's equal terms provisions;

4. Whether the individually named defendants lack liability; and

5. Whether Plaintiff has stated a cause of action under 42 U.S.C. § 1983.

**4.  <u>Motions:</u>**

Plaintiff ICFG filed a motion for preliminary injunction.  The Court denied Plaintiff's motion on October 2, 2007.

Defendants filed two motions to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), both of which will be heard on October 31, 2007.

Defendant City of San Leandro will bring a Motion for Summary Judgment, or in the Alternative, Summary Adjudication pending the outcome of the hearing on October 31, 2007, initial disclosures, and further discovery from Plaintiff.

**5.  <u>Amendment of Pleadings:</u>**

<u>Plaintiff's Claims</u>: The plaintiffs will amend the complaint as needed per 12(b)(6) rulings.

<u>Defendants' Claims</u>:  Defendants anticipate that all individually named defendants and certain causes of action will be dismissed, by stipulation, or by Court order on October 31, 2007. Defendants propose December 15, 2007 as a deadline for amending the pleadings.

**6.**    **Evidence Preservation:**

The parties collectively have instructed their respective clients not to delete, discard or destroy any documents, emails, voicemails, or other electronically stored data relevant to issues reasonably evident in this action.

**7.**    **Disclosures:**

Plaintiff provided Initial Disclosures on October 8, 2007; Defendants will provide Initial Disclosures on or before October 11, 2007.

**8.**    **Discovery:**

No discovery has been taken to date.  Anticipated discovery is as follows:

a) Request for Production of Documents (Fed. R. Civ. P. 34);

b) Form Interrogatories (Fed. R. Civ. P. 33);

c) Special Interrogatories (Fed. R. Civ. P. 33);

c) Request for Admissions (Fed. R. Civ. P. 36); and

d) Depositions (Fed. R. Civ. P. 30 and 31).

**9.**    **Class Actions:**

Not applicable.

**10.**    **Related Cases:**

None known.

**11.**    **Relief:**

As a result of the actions of the defendants, the Church has been unable to use a building which it purchased.  Through its Complaint, Plaintiff is seeking its monthly mortgage payment of $33,809.88 from May 7, 2007, the date the City determined that the Property was inappropriate for addition to the new Assembly Use Overlay District.  Plaintiff asserts that damages are continuing in nature.

In addition to damages, Plaintiff is seeking a permanent injunction allowing the Church to use and occupy the Property.

Plaintiff is also seeking a declaration of the parties' respective rights and duties relative to the Property in view of RLUIPA and the U.S. Constitution.

**12.    Settlement and ADR:**

a)    Prospects for settlement:

Plaintiff's Claims:

Settlement discussions have been off and on since the City Council's decision to deny the Church's application for the amendment to the zoning map.

Defendants' Claims:

Settlement discussions have been ongoing.

b)    ADR efforts to date:

None.

c)    Specific ADR plan for the case:

The parties have agreed to participate in the Court's ADR through retention of a Magistrate.

d)    Key discovery or motions necessary to position the parties to negotiate a resolution:

Plaintiff's Claims:

Of the 196 properties eligible for assembly use, what properties are available?

Defendants' Claims:

Defendants' Rule 12(b)(6) motions will likely clarify the appropriate parties to this action, and the scope of said action.

///

///

**13.** **Consent to Magistrate Judge for All Purposes:**

Plaintiff's Claims:

Yes.

Defendants' Claims:

No, Defendants consent for settlement purposes and discovery motions only.

**14.** **Other References:**

Unknown at this time.

**15.** **Narrowing of Issues:**

Plaintiff's Claims:

1.    Of the 196 properties eligible for assembly use in the assembly overlay district, are any available?

2.    Is maintaining the City's General Plan a compelling interest?

3.    Is preventing an assembly within ¼ mile of a property with a hazardous materials business plan a compelling interest?

4.    Is the standard of review under 42 U.S.C. 2000cc(b)(1) strict scrutiny or rational basis?

5.    Are existing conditions at the church's current location such that denying use of the new property, that would remedy said conditions, constitute a substantial burden?

6.    If the requirement of a ¼ mile perimeter from properties with hazardous materials business plans is a condition exclusively placed on the church, has a violation of the equal terms provision of RLUIPA occurred?

7.    To show an equal terms violation under RLUIPA, does the church need to demonstrate that there is currently another property used for assembly, within the jurisdiction of

San Leandro, which has not had the ¼ mile perimeter from properties with hazardous materials

business plans imposed upon it?

Defendants' Claims:

The parties recently attempted, unsuccessfully, to stipulate to a dismissal of all individually

named defendants, without prejudice, leaving Plaintiff and the City of San Leandro to settle and/or

try this case.  The October 31, 2007 hearing on Defendants' Rule 12(b)(6) motions will likely

clarify the parties and the issues.

**16.    Expedited Schedule:**

Plaintiff's Claims:

Yes.

Defendants' Claims:

This action is premature.  Plaintiff has not exhausted all administrative remedies, as

Plaintiff's CUP application is incomplete and pending.

**17.    Scheduling:**

Plaintiff's Claims:

Expert designation: 1/7/08

Discovery cutoff: 2/4/08

Pretrial conference: 3/3/08.

Defendants' Claims:

| | |
|---|---|
| Rule 12(b)(6) hearing | October 31, 2007 |
| Rule 12(b)(6) ruling | November 31, 2007 |
| Amended Complaint | December 14, 2007 |
| Response | January 5, 2007 |
| Non-Expert discovery cut-off: | March 30, 2008 |

| | |
|---|---|
| Plaintiff's expert disclosure: | April 30, 2008 |
| Defendants' expert disclosure: | May 15, 2008 |
| Expert discovery cut-off: | June 15, 2008 |
| Last day to hear dispositive motions: | September 30, 2008 |
| Final pre-trial conference: | October 28, 2008 |
| Trial: | November 28, 2008 |

18.    **Trial:**

This case will be tried to a jury.  It is anticipated to last seven to ten court days.

19.    **Disclosure of Non-Party Interested Entities or Persons:**

Filed.

20.    **Such other matters as may facilitate the just speedy and inexpensive disposition of this matter.**

None at this time.

Date:  October 11, 2007.

By:  /S/ Kevin Snider_____
    Kevin T. Snider
    Attorney for Plaintiff and Real Party in Interest


By:  /S/_____
    Deborah S. Fox
    Attorney for Defendants