Jayne W, Williams, Esq. (SBN: 63203)
jwilliams@meyersnave.com
Deborah J. Fox, Esq. (SBN: 110929)
dfox@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, California 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL CHURCH OF THE FOURSQUARE GOSPEL,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN LEANDRO, a municipal corporation,<br><br>Defendant. | Case No. C 07-03605 PJH<br><br>CITY OF SAN LEANDRO'S ANSWER TO FIRST AMENDED COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS AND THE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT<br><br>**DEMAND FOR JURY TRIAL**<br><br>Honorable Phyllis J. Hamilton<br>Complaint Filed: 7/12/07 |
| FAITH FELLOWSHIP FOURSQUARE CHURCH,<br><br>Real Party in Interest. | |

Defendant City of San Leandro ("the City") hereby answers the First Amended Complaint for Violation of Constitutional Rights and the Religious Land Use and Institutionalized Persons Act ("Amended Complaint") filed by plaintiff International Church of The Foursquare Gospel ("plaintiff" or "ICFG") as follows:

1.      In response to paragraph 1, the City admits that this matter involves issues as to the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc ("RLUIPA"), and that plaintiff attempts to allege constitutional violations under 42 U.S.C. § 1983. Except as expressly admitted, the City denies generally and specifically each and every allegation of paragraph 1.

2.      In response to paragraph 2, the City admits the allegations of paragraph 2.

3.      In response to paragraph 3, the City denies generally and specifically each and every allegation of paragraph 3.

4.      In response to paragraph 4, the City alleges that 28 U.S.C. §§ 2201 and 2202 along with FRCP 57 speak for themselves. Except as expressly alleged, the City denies generally and specifically each and every remaining allegation of paragraph 4.

5.      In response to paragraph 5, the City denies generally and specifically each and every allegation of paragraph 5.

6.      In response to paragraph 6, the City lacks sufficient information or belief to be able to respond to the allegations of paragraph 6 and on that basis denies generally each and every allegation of paragraph 6.

7.      In response to paragraph 7, the City lacks sufficient information or belief to be able to respond to the allegations of paragraph 7 and on that basis denies generally each and every allegation of paragraph 7.

8.      In response to paragraph 8, the City admits that it is a municipal corporation existing under the laws of the State of California and located in Alameda County. Further, the City alleges that the City Council is the legislative body for the City. Except as expressly admitted or alleged, the City denies generally and specifically each and every remaining allegation of paragraph 8.

1

9.     In response to paragraph 9, the City lacks sufficient information or belief to be able to respond to the allegations of paragraph 9 and on that basis denies generally each and every allegation of paragraph 9.

10.     In response to paragraph 10, the City admits that the City Council as the highest legislative body of the City has the authority to establish an assembly overlay zone.  Except as expressly admitted the City denies generally and specifically each and every remaining allegation of paragraph 10.

11.     In response to paragraph 11, the City lacks sufficient information or belief to be able to respond to the allegations of paragraph 11 and on that basis denies generally each and every allegation of paragraphs 11.

12.     In response to paragraph 12, the City lacks sufficient information or belief to be able to respond to the allegations of paragraph 12 and on that basis denies generally each and every allegation of paragraphs 12.

13.     In response to the first sentence of paragraph 13, the City lacks sufficient information or belief to be able to respond to the allegations of the first sentence of paragraph 13 and on that basis denies generally each and every allegation of the first sentence of paragraph 13.  The City admits that some time in 2006 the plaintiff apparently found the property located at 14600 and 14850 Catalina Street which is zoned Industrial Park.  Except as expressly admitted, the City lacks sufficient information or belief to respond to the remaining allegations of paragraph 13 and on that basis denies each and every remaining allegation of paragraph 13.

14.     In response to the first sentence of paragraph 14, the City lacks sufficient information or belief to be able to respond to the allegations of the first sentence of paragraph 14 and on that basis denies generally each and every allegation of the first sentence of paragraph 14.  The City denies generally and specifically each and every remaining allegation of paragraph 14.

///

///

15.     In response to paragraph 15, the City acknowledges that a meeting was held with certain representatives of City staff and representatives of plaintiff. The City denies generally and specifically each and every remaining allegation of paragraph 15.

16.     In response to paragraph 16, the City lacks sufficient information or belief to be able to respond to the allegations of paragraph 16 and on that basis denies generally each and every allegation of paragraphs 16.

17.     In response to paragraph 17, the City lacks sufficient information or belief to be able to respond to the allegations of paragraph 17 and on that basis denies generally each and every allegation of paragraph 17.

18.     In response to paragraph 18, the City admits that it received from ICFG San Leandro No. 2-Local an application to rezone properties from IP to IP (All) with Assembly Use Overlay on or about May 19, 2006. The City denies that the plaintiff was taking direction from City officials. Except as expressly admitted or denied, the City lacks sufficient information or belief to be able to respond to the allegations of paragraph 18 and on that basis denies generally each and every allegation of paragraph 18.

19.     In response to paragraph 19, the City admits the second sentence of paragraph 19. The City denies generally each and every allegation of paragraph 19, first sentence.

20.     In response to paragraph 20, the City admits that the City Council Business Development Committee met on or about June 8, 2006. The City alleges that the minutes and transcripts of the meeting speak for themselves. Except as expressly admitted or alleged, the City denies generally and specifically each and every remaining allegation of paragraph 20.

21.     In response to paragraph 21, the City admits that the City acknowledged receipt of its CUP application on or about May 19, 2006. Except as expressly admitted, the City denies generally and specifically each and every remaining allegation of paragraph 21.

22.     In response to paragraph 22, the City lacks sufficient information or belief to be able to respond to the allegations of paragraph 22 and on that basis denies generally each and every allegation of paragraph 22.

///

23.     In response to paragraphs 23, 24, 25 and 26, the City admits that the Planning Commission did not have plaintiff's application for a zone change on its regularly scheduled calendar during the summer months of 2006. The City further admits that the Planning Commission did not hold any regularly scheduled meetings in August of 2006. Except as expressly admitted, the City denies generally and specifically each and every remaining allegation of paragraphs 23, 24, 25, and 26.

24.     In response to paragraph 27, the City alleges that the minutes and transcripts of the City Council meeting of October 10, 2006 speak for themselves. Except as specifically alleged, the City denies generally and specifically each and every allegation of paragraph 27.

25.     In response to paragraph 28, the City alleges that the minutes, transcript and agenda item reports of the City Council's Business Development Committee meeting speak for themselves. Except as expressly alleged, the City denies generally and specifically each and every remaining allegation of paragraph 28.

26.     In response to paragraph 29, the City admits that the Board of Zoning Adjustments and the Planning Commission held a joint work session on October 19, 2006. The City alleges that the minutes and transcripts from the joint session speak for themselves. Except as expressly admitted or alleged, the City denies generally and specifically each and every remaining allegation of paragraph 29.

27.     In response to paragraph 30, the City lacks sufficient information or belief to be able to respond to the allegations of paragraph 30 and on that basis denies generally each and every allegation of paragraph 30.

28.     In response to paragraph 31, the City admits that attorney Snider sent a letter to the City Planning Commission. The City alleges that the letter speaks for itself. Except as expressly admitted or alleged, the City lacks sufficient information or belief to be able to respond to the allegations of paragraph 31 and on that basis denies generally each and every allegation of paragraph 31.

29.     In response to paragraph 32, the City admits that the Board of Zoning Adjustments met on December 7, 2006. The City alleges that the minutes and transcripts of

4

1    the Board of Zoning Adjustments speak for themselves.  Except as expressly admitted or

2    alleged, the City lacks sufficient information or belief to be able to respond to the allegations

3    of paragraph 32 and on that basis denies generally each and every allegation of paragraph 32.

4         30.    In response to paragraph 33, the City lacks sufficient information or belief to be

5    able to respond to the allegations of paragraph 33 and on that basis denies generally each and

6    every allegation of paragraphs 33.

7         31.    In response to paragraph 34, the City lacks sufficient information or belief to be

8    able to respond to the allegations of paragraph 34 and on that basis denies generally each and

9    every allegation of paragraphs 34.

10        32.    In response to paragraph 35, the City alleges that the transcripts and minutes of

11   the Redevelopment Advisory Committee speak for themselves.  Except as expressly alleged,

12   the City lacks sufficient information or belief to be able to respond to the remaining

13   allegations of paragraph 35 and on that basis denies generally each and every allegation of

14   paragraph 35.

15        33.    In response to paragraph 36, the City alleges that the minutes and transcripts of

16   the City Planning Commission speak for itself.  The City alleges that the recommended

17   assembly use overlay zone offered in excess of 196 potential parcels – more than 200 acres

18   within the City's commercial and industrial neighborhoods.  Except as expressly alleged, the

19   City denies generally and specifically each and every remaining allegation of paragraph 36.

20        34.    In response to paragraph 37, the City alleges that the City Council's action on

21   March 19, 2007 approving the Assembly Use Overlay District speaks for itself.  Except as

22   expressly alleged, the City denies generally each and every remaining allegation of paragraph 37.

23        35.    In response to paragraph 38, the City admits that on or about May 19, 2006,

24   ICFG San Leandro No. 2-Local applied for a conditional use permit to allow an assembly use

25   at 14600 and 14850 Catalina Street.  Except as expressly admitted, the City denies generally

26   and specifically each and every remaining allegation of paragraph 38.

27        36.    In response to paragraph 39, the City alleges that the Planning staff report for

28   the proposed amendment to the Assembly Use Overlay District adding the Catalina Street

1  properties speak for itself.  Except as expressly alleged, the City denies generally and
2  specifically each and every allegation of paragraph 39.

3       37.    In response to paragraph 40, the City alleges that Peter MacDonald's letter of
4  April 9, 2007 speaks for itself.  Except as specifically alleged the City denies generally each
5  and every remaining allegation of paragraph 40.

6       38.    In response to paragraphs 41 and 42, the City alleges that the staff report in
7  support of the staff recommendation on the proposal not to add the Catalina properties to the
8  Assembly Use Overlay District speaks for itself.  Except as expressly alleged, the City denies
9  generally and specifically each and every allegation of paragraphs 41 and 42.

10      39.    In response to paragraph 43, the City admits that the Planning Commission
11  denied the request to rezone to add the Catalina Street properties to the assembly use overlay
12  zone.  The City admits that an action of denial by the Planning Commission is final and does
13  not require Council concurrence and that an appeal of a denial to the City Council is
14  permissible.  Except as admitted, the City denies generally and specifically each and every
15  remaining allegation of paragraph 43.

16      40.    In response to paragraph 44, the City alleges that the minutes and transcript of
17  the Council meeting speak for themselves.  Except as expressly alleged, the City denies
18  generally each and every remaining allegation of paragraph 44.

19      41.    In response to paragraph 45, the City lacks sufficient information or belief to be
20  able to respond to the allegations of paragraph 45 and on that basis denies generally each and
21  every allegation of paragraph 45.

22      42.    In response to the first sentence of paragraph 46, the City denies generally and
23  specifically each and every allegation of the first sentence of paragraph 46.  In response to the
24  second, third and fourth sentences of paragraph 46, the City lacks sufficient information or
25  belief to be able to respond to the second, third and fourth sentences and on that basis denies
26  generally each and every allegation of the second, third and fourth sentences.  The City
27  admits that local attorney Peter MacDonald sent letters to the Planning Commission and City
28  Council and alleges that said letters speak for themselves.  As to the balance of the sentences

1  found in paragraph 46 and each and every remaining allegation of paragraph 46, the City

2  denies the allegations generally and specifically.

3          43.     In response to paragraph 47, the City denies generally and specifically each and

4  every allegation of paragraph 47.

5          44.     In response to paragraph 48, the City denies generally and specifically each and

6  every allegation of paragraph 48.

7          45.     In response to paragraph 49, the City denies generally and specifically each and

8  every allegation of paragraph 49.

9          46.     In response to paragraph 50, the second, fifth and seventh sentences the City

10  lacks sufficient information or belief to be able to respond to the allegations of the second,

11  fifth and seventh sentences and on that basis denies generally and specifically each and every

12  allegation of the second, fifth and seventh sentences of paragraph 50.   As to the remaining

13  sentences of paragraph 50, the City denies generally and specifically each and every

14  remaining allegation of the remaining sentences of paragraph 50.

15          47.     In response to the second sentence of paragraph 51, the City lacks sufficient

16  information or belief to be able to respond to the allegations of the second sentence and on that

17  basis denies generally and specifically each and every allegation of the second sentence of

18  paragraph 51.  As to the remaining sentences of paragraph 51, the City denies generally and

19  specifically each and every remaining allegation of the remaining sentences of paragraph 51.

20          48.     In response to paragraph 52, the City admits that the current site of the church is

21  located in a residential neighborhood.  Except as expressly admitted, the City lacks sufficient

22  information or belief to be able to respond to the each and every remaining allegation of

23  paragraph 52 and on that basis denies generally and specifically each and every allegation of

24  the second sentence of paragraph 52.

25          49.     In response to paragraph 53, the City denies that there is a substantial burden on

26  the religious practices of the plaintiff.  As to each of the remaining allegations of paragraph

27  53, the City lacks sufficient information or belief to be able to respond to the allegations of

28

7

1  paragraph 53 and on that basis denies generally and specifically each and every allegation of
2  paragraph 53.

3      50.    In response to paragraph 54, the City denies that there is a substantial burden on
4  the religious practices of the plaintiff.  As to each of the remaining allegations of paragraph
5  54, the City lacks sufficient information or belief to be able to respond to the allegations of
6  paragraph 54 and on that basis denies generally and specifically each and every allegation of
7  paragraph 54.

8      51.    In response to paragraph 55, the City alleges that the Catalina Street properties
9  are zoned Industrial Park (IP).  Except as expressly alleged, the City lacks sufficient
10  information or belief to be able to respond to the allegations of paragraph 55 and on that basis
11  denies generally and specifically each and every allegation of paragraph 55.

12      52.    In response to paragraph 56, the City alleges that the City denied the application
13  by plaintiff to rezone the Catalina Street properties to add said properties to the Assembly
14  Use Overlay District.  The City affirmatively denies that it has substantially burdened the
15  religious exercise of plaintiff.  Except as expressly admitted, the City lacks sufficient
16  information or belief to be able to respond to the allegations of paragraph 56 and on that basis
17  denies generally and specifically each and every allegation of paragraph 56.

18      53.    In response to the first three sentences of paragraph 57, the City lacks sufficient
19  information or belief to be able to respond on that basis deny generally and specifically each
20  and every allegation of the first three sentences of paragraph 57.  In response to the last
21  sentence of paragraph 57, the City denies that there is a substantial burden on the plaintiff.

22      54.    In response to paragraph 58, the City alleges that the church's issues of
23  accommodating parking and addressing space issues within the existing facility on Manor
24  Street are a mere inconvenience.  Except as expressly admitted, the City denies generally and
25  specifically each and every remaining allegation of paragraph 58.

26      55.    In response to paragraph 59, the City alleges that the church's issues of
27  accommodating parking and addressing space issues within the existing Manor Street facility
28  are a mere inconvenience.  The City denies generally and specifically that there is a

1    substantial burden on the plaintiff.   As to the remaining allegations of paragraph 59, the City

2    lacks sufficient information or belief to be able to respond to the remaining allegations of

3    paragraph 59 and on that basis denies generally and specifically each and every allegation of

4    paragraph 59.

5         56.     In response to paragraph 60, the City alleges that the church's issues of

6    accommodating space issues within the existing Manor Street facility are a mere

7    inconvenience and do not constitute a substantial burden on plaintiff.  As to the remaining

8    allegations of paragraph 60, the City lacks sufficient information or belief to be able to

9    respond to the remaining allegations of paragraph 60 and on that basis denies generally and

10   specifically each and every allegation of paragraph 60.

11        57.     In response to paragraph 61, the City alleges that the church's issues of

12   accommodating space issues within the existing facility are a mere inconvenience.  As to the

13   remaining allegations of paragraph 61, the City lacks sufficient information or belief to be

14   able to respond to the remaining allegations of paragraph 61 and on that basis denies

15   generally and specifically each and every allegation of paragraph 61.

16        58.     In response to paragraph 62, the City alleges that the church's issues of

17   accommodating space issues within the existing Manor Street facility are a mere

18   inconvenience and do not constitute a substantial burden on plaintiff.  As to the remaining

19   allegations of paragraph 62, the City lacks sufficient information or belief to be able to

20   respond to the remaining allegations of paragraph 62 and on that basis denies generally and

21   specifically each and every allegation of paragraph 62.

22        59.     In response to paragraph 63, the City alleges that the church's issues of

23   accommodating parking and addressing space issues within the existing Manor Street facility

24   are a mere inconvenience.  As to the remaining allegations of paragraph 63, the City lacks

25   sufficient information or belief to be able to respond to the remaining allegations of paragraph

26   63 on that basis denies generally and specifically each and every allegations of paragraph 63.

27        60.     In response to paragraph 64, the City alleges that the church's issues of

28   accommodating parking and addressing space issues within the existing Manor Street facility

1   are a mere inconvenience.  The City denies generally and specifically that there is a

2   substantial burden on the plaintiff.  As to the remaining allegations of paragraph 64, the City

3   lacks sufficient information or belief to be able to respond to the remaining allegations of

4   paragraph 64 and on that basis denies generally and specifically each and every allegation of

5   paragraph 64.

6         61.    In response to paragraph 65, the City alleges that the church's issues of

7   accommodating parking and addressing space issues within the existing Manor Street facility

8   are a mere inconvenience.  The City denies generally and specifically that there is a

9   substantial burden on the plaintiff.   As to the remaining allegations of paragraph 65, the City

10   lacks sufficient information or belief to be able to respond to the remaining allegations of

11   paragraph 65 and on that basis denies generally and specifically each and every allegation of

12   paragraph 65.

13         62.    In response to paragraph 66, the City alleges that the church's issues of

14   accommodating parking and addressing space issues within the existing Manor Street facility

15   are a mere inconvenience.  The City denies generally and specifically that there is a

16   substantial burden on the plaintiff.  As to the remaining allegations of paragraph 66, the City

17   lacks sufficient information or belief to be able to respond to the remaining allegations of

18   paragraph 66 and on that basis denies generally and specifically each and every allegation of

19   paragraph 66.

20         63.    In response to paragraph 67, the City alleges that the church's issues of

21   accommodating parking and addressing space issues within the existing Manor Street facility

22   are a mere inconvenience.  The City denies generally and specifically that there is a

23   substantial burden on the plaintiff.  As to the remaining allegations of paragraph 67, the City

24   lacks sufficient information or belief to be able to respond to the remaining allegations of

25   paragraph 67 and on that basis denies generally and specifically each and every allegation of

26   paragraph 67.

27         64.    In response to paragraph 68, the City alleges that the church's issues of

28   accommodating and addressing kitchen space issues within the existing Manor Street facility

1   are a mere inconvenience.  The City denies generally and specifically that there is a
2   substantial burden on the plaintiff.  Moreover, the City alleges that there are currently no
3   kitchen facilities at the Catalina Street properties.  As to the remaining allegations of
4   paragraph 68, the City lacks sufficient information or belief to be able to respond to the
5   remaining allegations of paragraph 68 and on that basis denies generally and specifically each
6   and every allegation of paragraph 68.

7        65.     In response to paragraphs 69 and 70, the City alleges that the church's issues of
8   accommodating parking and addressing space issues within the existing Manor Street facility
9   are a mere inconvenience.  The City denies generally and specifically that there is a
10  substantial burden on the plaintiff.   As to the remaining allegations of paragraphs 69 and 70,
11  the City lacks sufficient information or belief to be able to respond to the remaining
12  allegations of paragraphs 69 and 70 and on that basis denies generally and specifically each
13  and every allegation of paragraphs 69 and 70.

14       66.     In response to paragraph 71, the City alleges that the City denied the application
15  to rezone the Catalina Street properties from Industrial Park (IP) to add the Catalina Street
16  properties to the Assembly Use Overlay District.  The City further alleges that until
17  approximately mid-November of 2007 the plaintiff had not completed its application for a
18  conditional use permit for the Catalina Street properties.  The City further alleges that the
19  City Council resolution denying the requested zone change by plaintiff is the best evidence of
20  the basis for the City's denial along with the transcript of the Council hearing and that said
21  items speak for themselves.  Except as expressly alleged, the City denies generally and
22  specifically each and every remaining allegation of paragraph 71.

23       67.     In response to paragraph 72, the City alleges that the City adopted an assembly
24  overlay use that provides the potential for over 196 parcels – more that 200 acres of land
25  within the City's commercial and industrial neighborhoods to be available for certain defined
26  assembly uses including religious institutions.  In addition, the City alleges that it allows for
27  the location of religious institutions within residential zoned areas of the City.   Except as

28

1  expressly alleged, the City denies generally and specifically each and every remaining

2  allegation of paragraph 72.

3          68.     In response to paragraph 73, the City alleges that the resolution of the City

4  Council along with the transcript wherein the City Council rejected the plaintiff's request for

5  a zone change speak for themselves.  Except as expressly alleged, the City denies generally

6  and specifically each and every remaining allegation of paragraph 73.

7          69.     In response to paragraph 74, the City alleges that the resolution of the City

8  Council along with the transcript wherein the City Council rejected the plaintiff's request for

9  a zone change speak for themselves.  The City further alleges that plaintiff's first sentence is

10 legal argument and no response is required.  Except as expressly alleged, the City denies

11 generally and specifically each and every remaining allegation of paragraph 74.

12         70.     In response to paragraph 75, the City alleges that the resolution of the City

13 Council along with the transcript wherein the City Council rejected the plaintiff's request for

14 a zone change speak for themselves.  The City denies that it has ever allowed a similar

15 situated assembly group in the same location.  The City further alleges in response to the first,

16 second and fifth sentences of paragraph 75 that plaintiff is making a legal argument and no

17 response is required to the first, second and fifth sentences.  Except as expressly alleged, the

18 City denies generally and specifically each and every remaining allegation of paragraph 75.

19         71.     In response to paragraph 76, the City alleges that the first, second and third

20 sentences of paragraph 76 are legal argument and no response is required.  As to the fourth

21 sentence of paragraph 76, the City lacks sufficient information or belief to be able to respond

22 to the fourth sentence of paragraph 76 on that basis denies generally and specifically each and

23 every allegation of the fourth sentence of paragraph 76.

24         72.     In response to paragraph 77, the City alleges that the resolution of the City Council

25 along with the transcript wherein the City Council rejected the plaintiff's request for a zone

26 change speak for themselves.  The City further alleges that plaintiff's first and second sentences

27 are legal argument and thus no response is required.  Except as expressly alleged, the City denies

28 generally and specifically each and every remaining allegation of paragraph 77.

73.     In response to paragraph 78, the City alleges that the Industrial Park zoning designated and the permitted uses therein as provided for in the San Leandro Municipal Code speak for themselves.  The City further alleges that plaintiff's third, fourth and fifth sentences are legal argument and thus no response is required.  Except as expressly alleged, the City denies generally and specifically each and every remaining allegation of paragraph 78.

74.     In response to paragraph 79, the City lacks sufficient information or belief to be able to respond to the first and second sentences of paragraph 79 and on that basis denies generally and specifically each and every allegation of the first and second sentences of paragraph 79.  The City alleges that it has not applied a different standard to the plaintiff in its consideration of its zone change application.  Except as expressly alleged, the City denies generally and specifically each and every remaining allegation of paragraph 79.

75.     In response to paragraph 80, the City admits that that the City adopted an Assembly Use Overlay District that provides the potential for over 196 parcels – more that 200 acres of land within the City's commercial and industrial neighborhoods to be available for certain defined assembly uses including religious institutions.  In addition, the City alleges that it allows for the location of religious institutions within residential zoned areas of the City.  The City further alleges that the resolution of the City Council along with the transcript wherein the City Council rejected plaintiff's request for a zone change on the Catalina Street properties to include said properties within the Assembly Use Overlay District speak for themselves.  The last sentence of paragraph 80 is legal contentions which the City is unable to admit or deny.  Except as expressly alleged, the City denies each and every remaining allegation of paragraph 80.

76.     In response to paragraph 81, the City denies generally and specifically each and every allegation of paragraph 81.

## FIRST CAUSE OF ACTION

77.     In response to paragraph 82, the City incorporates by reference as if set forth in full each and every one of its responses to paragraphs 1 through 81 of this Amended Complaint.

78.     In response to paragraph 83, the City alleges that the resolution of the City Council along with the transcript wherein the City Council rejected the plaintiff's request for a zone change speak for themselves.  The City further alleges that a zone change is a legislative act.  The City further alleges that the plaintiff has not until mid-November of 2007 filed a completed application for a conditional use permit for the Catalina Street properties and that the City has not taken any action on the conditional use permit application to date.  Except as expressly alleged, the City denies generally and specifically each and every allegation of paragraph 83.

79.     In response to paragraph 84, the City denies generally and specifically the first sentence of paragraph 84.  The City alleges that the church's issues of accommodating parking and addressing space issues within the existing Manor Street facility are a mere inconvenience.  The City admits that the plaintiff has located the Catalina Street properties and made an application for rezoning of said Catalina Street properties which application was denied.  The City further alleges that the plaintiff had not until mid-November of 2007 filed a completed application for a conditional use permit for the Catalina Street properties and that the City has not taken any action on the conditional use permit application to date.  The City lacks sufficient information or belief to be able to respond to the allegations of paragraph 84 as to how much money the plaintiff may pay monthly on the Catalina Street properties.  Except as expressly alleged, the City denies generally and specifically each and every remaining allegation of paragraph 84.

80.     In response to paragraph 85, the City alleges that all of the allegations contained in this paragraph 85 are legal contentions which the City is not able to admit or deny.

81.     In response to paragraph 86, the City alleges that the resolution wherein the City Council denied the appeal of the plaintiff's rezone application speaks for itself.  Except as expressly alleged, the balance of the allegations of paragraph 86 are legal contentions which the City is not able to admit or deny.

82.     In response to paragraph 87, the City denies generally and specifically the second sentence of said paragraph.  The City alleges that the resolution wherein the City

14

1  Council denied the appeal of the plaintiff's rezone application speak for itself.  Except as

2  expressly alleged the balance of the allegations of paragraph 87 are legal contentions which

3  the City is not able to admit or deny.

4    83.    In response to paragraph 88, the City denies the second sentence of said

5  paragraph.  The City alleges that the resolution wherein the City Council denied the appeal of

6  the plaintiff's rezone application on the Catalina Street properties speaks for itself.  Except as

7  expressly alleged the balance of the allegation of the first sentence of paragraph 86, are legal

8  contentions which the City is not able to admit or deny.  Except as expressly admitted or

9  alleged, the City denies generally and specifically each and every remaining allegation of

10  paragraph 88.

11    84.    In response to paragraph 89, the City denies generally and specifically each and

12  every allegation of paragraph 89.

13    85.    In response to paragraph 90, the City denies generally and specifically each and

14  every allegation of paragraph 90.

15                    **SECOND CAUSE OF ACTION**

16    86.    In response to paragraph 91, the City incorporates by reference as if set forth in

17  full each and every one of its responses to paragraphs 1 through 90 of this Amended

18  Complaint.

19    87.    In response to paragraph 92 the City denies generally and specifically each and

20  every allegation of paragraph 92.

21    88.    In response to paragraph 93 the City denies generally and specifically each and

22  every allegation of paragraph 93.

23    89.    In response to paragraph 94 the City denies generally and specifically each and

24  every allegation of paragraphs 94.

25    90.    In response to paragraph 95 the City denies generally and specifically each and

26  every allegation of paragraph 95.

27  ///

28  ///

**THIRD CAUSE OF ACTION**

91.     In response to paragraph 96**,** the City incorporates by reference as if set forth in full each and every one of its responses to paragraphs 1 through 95 of this Amended Complaint.

92.     In response to paragraph 97, the City admits that that the City adopted an Assembly Use Overlay District that provides the potential for over 196 parcels – more that 200 acres of land within the City's commercial and industrial neighborhoods to be available for certain defined assembly uses including religious institutions.  In addition, the City alleges that it allows for the location of religious institutions within residential zoned areas of the City.  Except as alleged, the City alleges that the remaining in response to paragraph 97, the City denies generally and specifically each and every allegation of paragraph 97.

93.     In response to allegations of the first and second sentences of paragraph 98 are legal contentions and the City is not able to admit or deny.  The City denies generally and specifically the last sentence of paragraph 98.

94.     In response to paragraph 99, the City denies generally and specifically each and every allegation of the first sentence.  As to the second sentence, the City admits that that the City adopted an Assembly Use Overlay District that provides the potential for over 196 parcels – more that 200 acres of land within the City's commercial and industrial neighborhoods to be available for certain defined assembly uses including religious institutions.  In addition, the City alleges that it allows for the location of religious institutions within residential zoned areas of the City.  The City alleges that the plaintiff misconstrues the criteria of the assembly use overlay zone by its incorrect claim that a business operating with a hazardous materials business plan would be a disqualifying factor.  Except as expressly admitted or alleged, the City denies each and every remaining allegation of paragraph 99.

95.     In response to paragraph 100, the City denies generally and specifically each and every allegation of paragraph 100.

96.     In response to paragraph 101, the City denies generally and specifically each and every allegation of paragraph 101.

**FOURTH CAUSE OF ACTION**

97.    In response to paragraph 102, the City incorporates by reference as if set forth in full each and every one of its responses to paragraphs 1 through 101 of this Amended Complaint.

98.    In response to paragraph 103, the City denies generally and specifically each and every allegation of paragraph 103.

99.    In response to paragraph 104, the City alleges that the items sought in the prayer speak for themselves but denies that plaintiff is entitled to any such relief.

**FIFTH CAUSE OF ACTION**

100.    In response to paragraph 105, the City incorporates by reference as if set forth in full each and every one of its responses to paragraphs 1 through 104 of this Amended Complaint.

101.    In response to paragraph 106, the City denies generally and specifically each and every allegation of paragraph 106.

102.    In response to paragraph 107, the City alleges that the items sought in the prayer speak for themselves but denies that plaintiff is entitled to any such relief.

**SIXTH CAUSE OF ACTION**

103.    In response to paragraph 108, the City incorporates by reference as if set forth in full each and every one of its responses to paragraphs 1 through 107 of this Amended Complaint.

104.    In response to paragraph 109, the City denies generally and specifically each and every allegation of paragraph 109.

105.    In response to paragraph 110, the City alleges that the items sough in the prayer speak for themselves but denies that plaintiff is entitled to any such relief.

**SEVENTH CAUSE OF ACTION**

106.    In response to paragraph 111, the City incorporates by reference as if set forth in full each and every one of its responses to paragraphs 1 through 110 of this Amended Complaint.

17

1    107.    In response to paragraph 112, the City denies generally and specifically each

2    and every allegation of paragraph 112.

3    108.    In response to paragraph 113, the City alleges that the items sought in the

4    prayer speak for themselves but denies that plaintiff is entitled to any such relief.

5                            **EIGHTH CAUSE OF ACTION**

6    109.    In response to paragraph 114, the City incorporates by reference as if set forth

7    in full each and every one of its responses to paragraphs 1 through 113 of this Amended

8    Complaint.

9    110.    In response to paragraph 115, the City denies generally and specifically each

10   and every allegation of paragraph 115.

11   111.    In response to paragraph 116, the City alleges that the items sought in the

12   prayer speak for themselves but denies that plaintiff is entitled to any such relief.

13                            **NINTH CAUSE OF ACTION**

14   112.    In response to paragraph 117, the City incorporates by reference as if set forth

15   in full each and every one of its responses to paragraphs 1 through 116 of this Amended

16   Complaint.

17   113.    In response to paragraph 118, the City denies generally and specifically each

18   and every allegation of paragraph 118.

19   114.    In response to paragraph 119, the City alleges that the items sought in the

20   prayer speak for themselves but denies that plaintiff is entitled to any such relief.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1

## AFFIRMATIVE DEFENSES

2

### FIRST AFFIRMATIVE DEFENSE

3      115.   As a First Affirmative Defense, the City asserts that the Amended Complaint fails

4 to state a claim upon which relief can be granted in that plaintiff fails to allege facts showing a

5 violation of RLUIPA, or any other provision of law.

6

### SECOND AFFIRMATIVE DEFENSE

7      116.   As a Second Affirmative Defense, the City asserts that plaintiff lacks standing,

8 in whole or in part, to assert the claims alleged in the Amended Complaint.

9

### THIRD AFFIRMATIVE DEFENSE

10      117.   As a Third Affirmative Defense, the City asserts that the Amended Complaint

11 does not state a claim upon which relief can be granted in that the action fails to allege an

12 actual case and controversy.

13

### FOURTH AFFIRMATIVE DEFENSE

14      118.   As a Fourth Affirmative Defense, the City asserts that the legal and proximate

15 cause of any damages, injury or harm allegedly suffered by plaintiff or real party in interest

16 was plaintiff's or real party in interest's own making and/or the actions of third parties and

17 not by the City.

18

### FIFTH AFFIRMATIVE DEFENSE

19      119.   As a Fifth Affirmative Defense, the City alleges that the Amended Complaint is

20 barred because plaintiff and/or real party in interest caused any alleged damage to itself and

21 failed and refused to make reasonable efforts to mitigate any such damage.

22

### SIXTH AFFIRMATIVE DEFENSE

23      120.   As a Sixth Affirmative Defense, the City alleges that the Amended Complaint

24 fails to state a justiciable cause or controversy that is ripe for adjudication.

25

### SEVENTH AFFIRMATIVE DEFENSE

26      121.   As a Seventh Affirmative Defense, the City alleges that by its acts and conduct,

27 plaintiff is guilty of laches and is therefore barred from asserting some or all of its purported

28 causes of action.

1

**EIGHTH AFFIRMATIVE DEFENSE**

2      122.    As an Eighth Affirmative Defense, the City alleges that by its acts and conduct,

3 plaintiff is estopped from asserting some or all of the causes of action purportedly set forth in

4 the Amended Complaint.

5

**NINTH AFFIRMATIVE DEFENSE**

6      123.    As a Ninth Affirmative Defense, the City alleges that by its acts and conduct,

7 plaintiff has waived or relinquished its causes of action purportedly set forth in the Amended

8 Complaint.

9

**TENTH AFFIRMATIVE DEFENSE**

10      124.    As a Tenth Affirmative Defense, the City alleges that by its acts and conduct,

11 plaintiff is guilty of unclean hands and is therefore barred from asserting some of the

12 purported causes of action in the Amended Complaint.

13

**ELEVENTH AFFIRMATIVE DEFENSE**

14      125.    As an Eleventh Affirmative Defense, the City alleges that the claims in the

15 Amended Complaint are barred, in whole or in part, by plaintiff's failure to exhaust all

16 available and applicable administrative and legal remedies, including, but not limited to, the

17 adequate state remedy of seeking a writ of mandate under state law.

18

**TWELFTH AFFIRMATIVE ACTION**

19      126.    As a Twelfth Affirmative Defense, the City alleges that the application of the

20 law cited by plaintiff to compel the granting of its application for conditional use permit

21 would violate the United States and California Constitutions.

22

**THIRTEENTH AFFIRMATIVE DEFENSE**

23      127.    As a Thirteenth Affirmative Defense, the City alleges that the Religious Land

24 Use and Institutionalized Persons Act of 2000 is unconstitutional under the Establishment

25 Clause of the First Amendment to the extent that it is interpreted or applied as prayed for by

26 plaintiff herein, and/or to the extent that it is interpreted or applied in a manner which

27 requires that plaintiffs be given preferential treatment over other similarly situated persons or

28 entities or over other similar uses of land.

20

1

**FOURTEENTH AFFIRMATIVE DEFENSE**

2      128.   As a Fourteenth Affirmative Defense, the City alleges that plaintiff's claims are

3    barred, in whole or in part, by the applicable statute of limitations.

4

**FIFTEENTH AFFIRMATIVE DEFENSE**

5      129.   As a Fifteenth Affirmative Defense, the City alleges that they are immune from

6    liability under the principle of absolute immunity, in particular the immunities for legislative

7    and quasi-judicial actions.

8

**SIXTEENTH AFFIRMATIVE DEFENSE**

9      130.   As a Sixteenth Affirmative Defense, the City alleges that International Church

10   of the Foursquare Gospel lacks the capacity to sue under F.R.C.P. 17(b).

11

**SEVENTEENTH AFFIRMATIVE DEFENSE**

12     131.   As a Seventeenth Affirmative Defense, the City alleges that Faith Fellowship

13   Foursquare Church is improperly called out in this action as a Real Party In Interest.

14        WHEREFORE, the City prays as follows:

15     1.    That plaintiff take nothing by reason of its Amended Complaint and that

16   judgment be rendered in favor of the City;

17     2.    That the City be awarded its costs of suit incurred in defense of this action

18   including attorneys' fees; and

19     3.    For such other and further relief as the Court deems proper.

20

21   Dated: November 15, 2007            MEYERS, NAVE, RIBACK, SILVER & WILSON

22

23

24                                      By_____/s/_____

25                                           DEBORAH J. FOX
                                             Attorneys for Defendant
                                             CITY OF SAN LEANDRO

1023742_1
136.5016

26

27

28

21

1                          DEMAND FOR JURY TRIAL

2          Defendant City of San Leandro hereby demands a jury trial.

3

4    Dated: November 15, 2007        MEYERS, NAVE, RIBACK, SILVER & WILSON

5

6                                By_____/s/_____

7                                   DEBORAH J. FOX
                                    Attorneys for Defendant
8                                   CITY OF SAN LEANDRO

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CITY'S ANSWER TO FIRST AMENDED COMPLAINT                    [C 07-03605 PJH]