# Exhibit 1

Exhibit 1
Page 0

1   Jayne W. Williams, Esq. (SBN: 63203)
    jwilliams@meyersnave.com
2   Deborah J. Fox, Esq. (SBN: 110929)
    dfox@meyersnave.com
3   MEYERS, NAVE, RIBACK, SILVER & WILSON
    555 12th Street, Suite 1500
4   Oakland, California 94607
    Telephone: (510) 808-2000
5   Facsimile: (510) 444-1108

6   Attorneys for Defendant

7

8               UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10  INTERNATIONAL CHURCH OF THE      Case No. C 07-03605 PJH
    FOURSQUARE GOSPEL,
11

12         Plaintiff,           CITY OF SAN LEANDRO'S
                           ANSWER TO FIRST AMENDED
13  v.                       COMPLAINT FOR VIOLATION OF
                           CONSTITUTIONAL RIGHTS AND THE
14                          RELIGIOUS LAND USE AND
    CITY OF SAN LEANDRO, a municipal     INSTITUTIONALIZED PERSONS ACT
15  corporation,

16         Defendant.        **DEMAND FOR JURY TRIAL**

17                        Honorable Phyllis J. Hamilton
                           Complaint Filed: 7/12/07
18

19

20  FAITH FELLOWSHIP FOURSQUARE
    CHURCH,
21

22         Real Party in Interest.

23

24

25

26

27

28

                 CITY'S ANSWER TO FIRST AMENDED COMPLAINT        [C 07-03605 PJH]

Exhibit 1
Page 1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

115.   As a First Affirmative Defense, the City asserts that the Amended Complaint fails to state a claim upon which relief can be granted in that plaintiff fails to allege facts showing a violation of RLUIPA, or any other provision of law.

### SECOND AFFIRMATIVE DEFENSE

116.   As a Second Affirmative Defense, the City asserts that plaintiff lacks standing, in whole or in part, to assert the claims alleged in the Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

117.   As a Third Affirmative Defense, the City asserts that the Amended Complaint does not state a claim upon which relief can be granted in that the action fails to allege an actual case and controversy.

### FOURTH AFFIRMATIVE DEFENSE

118.   As a Fourth Affirmative Defense, the City asserts that the legal and proximate cause of any damages, injury or harm allegedly suffered by plaintiff or real party in interest was plaintiff's or real party in interest's own making and/or the actions of third parties and not by the City.

### FIFTH AFFIRMATIVE DEFENSE

119.   As a Fifth Affirmative Defense, the City alleges that the Amended Complaint is barred because plaintiff and/or real party in interest caused any alleged damage to itself and failed and refused to make reasonable efforts to mitigate any such damage.

### SIXTH AFFIRMATIVE DEFENSE

120.   As a Sixth Affirmative Defense, the City alleges that the Amended Complaint fails to state a justiciable cause or controversy that is ripe for adjudication.

### SEVENTH AFFIRMATIVE DEFENSE

121.   As a Seventh Affirmative Defense, the City alleges that by its acts and conduct, plaintiff is guilty of laches and is therefore barred from asserting some or all of its purported causes of action.

Exhibit 1
Page 2

**EIGHTH AFFIRMATIVE DEFENSE**

122.  As an Eighth Affirmative Defense, the City alleges that by its acts and conduct, plaintiff is estopped from asserting some or all of the causes of action purportedly set forth in the Amended Complaint.

**NINTH AFFIRMATIVE DEFENSE**

123.  As a Ninth Affirmative Defense, the City alleges that by its acts and conduct, plaintiff has waived or relinquished its causes of action purportedly set forth in the Amended Complaint.

**TENTH AFFIRMATIVE DEFENSE**

124.  As a Tenth Affirmative Defense, the City alleges that by its acts and conduct, plaintiff is guilty of unclean hands and is therefore barred from asserting some of the purported causes of action in the Amended Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

125.  As an Eleventh Affirmative Defense, the City alleges that the claims in the Amended Complaint are barred, in whole or in part, by plaintiff's failure to exhaust all available and applicable administrative and legal remedies, including, but not limited to, the adequate state remedy of seeking a writ of mandate under state law.

**TWELFTH AFFIRMATIVE ACTION**

126.  As a Twelfth Affirmative Defense, the City alleges that the application of the law cited by plaintiff to compel the granting of its application for conditional use permit would violate the United States and California Constitutions.

**THIRTEENTH AFFIRMATIVE DEFENSE**

127.  As a Thirteenth Affirmative Defense, the City alleges that the Religious Land Use and Institutionalized Persons Act of 2000 is unconstitutional under the Establishment Clause of the First Amendment to the extent that it is interpreted or applied as prayed for by plaintiff herein, and/or to the extent that it is interpreted or applied in a manner which requires that plaintiffs be given preferential treatment over other similarly situated persons or entities or over other similar uses of land.

Exhibit 1
Page 3

**FOURTEENTH AFFIRMATIVE DEFENSE**

128.  As a Fourteenth Affirmative Defense, the City alleges that plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**FIFTEENTH AFFIRMATIVE DEFENSE**

129.  As a Fifteenth Affirmative Defense, the City alleges that they are immune from liability under the principle of absolute immunity, in particular the immunities for legislative and quasi-judicial actions.

**SIXTEENTH AFFIRMATIVE DEFENSE**

130.  As a Sixteenth Affirmative Defense, the City alleges that International Church of the Foursquare Gospel lacks the capacity to sue under F.R.C.P. 17(b).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

131.  As a Seventeenth Affirmative Defense, the City alleges that Faith Fellowship Foursquare Church is improperly called out in this action as a Real Party In Interest.

WHEREFORE, the City prays as follows:

1.     That plaintiff take nothing by reason of its Amended Complaint and that judgment be rendered in favor of the City;

2.     That the City be awarded its costs of suit incurred in defense of this action including attorneys' fees; and

3.     For such other and further relief as the Court deems proper.

Dated: November 15, 2007          MEYERS, NAVE, RIBACK, SILVER & WILSON

By_____/s/_____
DEBORAH J. FOX
Attorneys for Defendant
CITY OF SAN LEANDRO

1023742_1
136.5016

21
CITY'S ANSWER TO FIRST AMENDED COMPLAINT          [C 07-03605 PJH]

Exhibit 1
Page 4