# Exhibit 3

Case 3:07-cv-03605-PJH   Document 110   Filed 07/28/2008   Page 1 of 8

Exhibit 3
Page 0


Jayne W. Williams, Esq. (SBN:63203)
jwilliams@meyersnave.com
Deborah J. Fox, Esq. (SBN: 110929)
dfox@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, California 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL CHURCH OF THE FOURSQUARE GOSPEL,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN LEANDRO, a municipal corporation,<br><br>Defendant.<br><br>FAITH FELLOWSHIP FOURSQUARE CHURCH,<br><br>Real Party in Interest. | Case No. C 07-03605 PJH<br><br>**DEFENDANT CITY OF SAN LEANDRO'S RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE )**<br><br>Honorable Phyllis J. Hamilton<br>Complaint Filed: 7/12/07 |

CITY'S RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)     [C 07-03605 PJH]

Exhibit 3
Page 1

1     Request for Admission No. 6:
2     Supporting Facts: NA. The subject matter of this request for admission is a legal
3 conclusion, not an issue of fact. The request falsely assumes that the term "assembly
4 building" has a single meaning in all possible contexts, uses and applications throughout the
5 state of California.
6     Persons with Knowledge: NA
7     Supporting Documents: NA
8     Request for Admission No. 7:
9     Supporting Facts: NA. The subject matter of this request for admission is a legal
10 conclusion, not an issue of fact. The request falsely assumes that the terms "entertainment,"
11 "commercial recreation," and "assembly building" all have a single meaning in all possible
12 contexts, uses and applications throughout the state of California.
13     Persons with Knowledge: NA
14     Supporting Documents: NA
15     Request for Admission No. 8:
16     Supporting Facts: The subject matter of this request was not a criteria used in the
17 Assembly Overlay District. This issue was not studied so no information is available.
18     Persons with Knowledge: Debbie Pollart, Hanson Hom
19     Supporting Documents: NA
20 **INTERROGATORY NO. 13:**
21     For each affirmative defense in CITY OF SAN LEANDRO'S ANSWER TO FIRST
22 AMENDED COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS AND
23 THE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT, filed with
24 the Court on November 15, 2007, state all facts which support said affirmative defenses.
25 **RESPONSE TO INTERROGATORY NO. 13:**
26     a.   *First Affirmative Defense (Plaintiff has failed to allege facts showing a*
27 *violation of RLUIPA):*
28 ///

7
CITY'S RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)     [C 07-03605 PJH]

Exhibit 3
Page 2

1   The first affirmative defense is a legal defense pertaining to the sufficiency of the complaint. The request to "state all facts" supporting this defense is inapplicable.

b.   *Second Affirmative Defense (Plaintiff lacks standing)*:

The City is currently conducting discovery as to the relationship of the International Church of the Foursquare Gospel ("ICFG") and the Faith Fellowship Foursquare Church ("CHURCH") to determine whether both, one or neither meet the requisites for asserting direct standing, representational standing on behalf of alleged members or other churchgoers, and/or representational standing on behalf of other persons who alleged desire to utilize or participate in one or more services or activities provided by the CHURCH. The City is also conducting discovery as to title, ownership and financing issues which may affect the standing of ICFG and/or the CHURCH to assert various claims, specifically claims for economic damages and claims for violation of specific statutory or constitutional rights, *e.g.* violations of RLUIPA, alleged denial of various First Amendment rights, alleged denial of equal protection and alleged denial of due process. Completion of this discovery should allow identification of additional facts bearing on application of this affirmative defense. At the present time, the City has identified the following relevant facts: (1) No interference with use of the CHURCH's existing activities at 577 Manor Boulevard is alleged or is known to have occurred; (2) ICFG was apparently not a party to the purchase and sales agreement and various extensions which preceded acquisition of the Catalina Street Property; (3) ICFG was not a named applicant on any application for rezoning or for a conditional use permit received by the City; (4) neither the CHURCH or ICFG acquired actual title to the Catalina Street Property until December 29, 2006 or thereafter; (5) no interference with current or planned institutional activities of the ICFG (as opposed to the CHURCH) is alleged or known to have occurred.

c.   *Third Affirmative Defense (Plaintiff fails to allege an actual claim and controversy)*:

At the present time, the City believes that the facts supporting this defense are the same as those supporting the Second Affirmative Defense; discovery into these facts is ongoing.

8
CITY'S RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)         [C 07-03605 PJH]

Exhibit 3
Page 3

d. *Fourth Affirmative Defense (damages, injury or harm, if any, was plaintiff's or real party in interest's own making):*

This defense is based on facts set forth in the complaint, which the City assumes will be corroborated in discovery, showing that plaintiffs entered into an agreement for purchase and ultimately purchased the Catalina Street Property prior to having any reasonable expectations that this property could lawfully be utilized for religious assembly uses under the City's ordinances. The relevant course of events is set forth in paragraphs 14-44 of the First Amended Complaint. The City will also show through documentary evidence and testimony that plaintiffs received no representations or assurances from the City prior to entry into the purchase agreement and eventual purchase of the property that the City would or was likely to grant a conditional use permit or rezone the property to allow assembly use.

e. *Fifth Affirmative Defense (Plaintiff caused any alleged damage to itself; did not make reasonable efforts to mitigate):*

The facts supporting the Fifth Affirmative Defense include the facts set forth above supporting the Fourth Affirmative Defense. In addition, the City will rely on facts showing that plaintiffs failed to make reasonable efforts to sell or lease the Catalina Street Property after its purchase in light of (1) the City's adoption of the Assembly Use Overlay District zoning amendments in March 2006, which did not designate the property for assembly uses; and (2) the denial of plaintiffs' application to rezone the property into the Assembly Use Overlay District on April 12, 2007.

f. *Sixth Affirmative Defense (fails to state a justiciable cause or controversy that is ripe for adjudication):*

The City believes that, except for the issues of standing stated previously, the First Amended Complaint states justiciable claims concerning the CHURCH's proposed use of the Catalina Street Property. This defense is asserted against any additional or alternate claims that might be asserted in the course of the litigation concerning alleged interference with plaintiffs' statutory or constitutional rights at any other location or in any other manner other than by declining to zone the Catalina Street Property to allow or conditionally allow assembly uses.

    g.    *Seventh Affirmative Defense (Plaintiff is guilty of laches)*:

The defense of laches is asserted in the answer in anticipation of possible delay in prosecution of this action which may give rise to the defense of laches. At the present, facts supporting a laches defense have not developed.

    h.    *Eighth Affirmative Defense (estoppel)*:

This defense is asserted in response to various claims that plaintiffs were misled or relied on representations by City personnel when making decisions to enter into a purchase agreement and eventually purchase the Catalina Street Property notwithstanding the fact that the property was not zoned for assembly use. The facts relied on by the City will show that plaintiffs knew or reasonably should have known that they entered into these transactions at their own risk, and that the alleged words and actions of City personnel were made in reasonable reliance on words and actions of plaintiffs' representatives indicating that these representatives understood that the City had not and could not provide any assurances or promises that proposed assembly use of the Catalina Street Property would be allowed.

    i.    *Ninth Affirmative Defense (by its acts and conduct, Plaintiff has waived its causes of action)*:

This defense is asserted in anticipation of potential actions by plaintiffs which may amount to a waiver of all or some claims asserted in the complaint. Grounds for such waiver may include failure to respond to relevant discovery; failure to properly brief and/or support such claims with applicable evidence and legal authority; or voluntary abandonment of claims by stipulation or as manifested in statements or conduct of plaintiffs or their representatives. At the present, the City deems all claims against individual defendants named in the initial complaint in this action (John Jermanis and Deborah Pollart) and all other City officers, employees or agents in their individual capacity, waived by agreement with plaintiffs. This agreement is manifested in the filing of plaintiffs' First Amended Complaint which eliminated all claims against individual defendants.

    j.    *Tenth Affirmative Defense (unclean hands)*:

The City has not presently identified any facts supporting this affirmative defense.

---

10
CITY'S RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)    [C 07-03605 PJH]

Exhibit 3
Page 5

1  k.  *Eleventh Affirmative Defense (failure to exhaust administrative remedies)*:
2  At the present time this defense is not applicable to the claims actually asserted in the
3  First Amended Complaint. The defense is reserved for any additional or alternate claims that
4  plaintiffs may make based on additional or alternate fact not currently alleged in the First
5  Amended Complaint.
6  l.  *Twelfth Affirmative Defense (to compel the granting of its application would
7  violate the U.S. and California Constitutions)*:
8  This a legal defense based on the establishment clauses of the First Amendment and
9  the California Constitution and the separation of powers doctrine. The request for supporting
10 facts is inapplicable.
11 m.  *Thirteenth Affirmative Defense (RLUIPA is unconstitutional under the
12 Establishment Clause of the First Amendment)*:
13 This defense is based on matters of law rather than fact. The defense is asserted
14 against any possible interpretation or application of RLUIPA in the context of this case which
15 would effectively result in the granting of a preference for religion in violation of the
16 Establishment Clause of the First Amendment of the federal constitution.
17 n.  *Fourteenth Affirmative Defense (barred by applicable statute of limitations)*:
18 At the present time, this defense does not appear applicable to the claims actually
19 asserted in the First Amended Complaint. The defense is reserved for any additional or
20 alternate claims plaintiffs may attempt to raise concerning past City actions.
21 o.  *Fifteenth Affirmative Defense (City is immune from liability for legislative and
22 quasi-judicial actions)*:
23 These immunity defenses are asserted on behalf of any DOE defendants that may be
24 named by plaintiffs. The precise facts which justify assertion of the defense cannot be
25 determined until an individual DOE defendant is actually named.
26 ///
27 ///
28 ///

1    p.    *Sixteenth Affirmative Defense (International Church of the Foursquare Gospel*
2 *lacks capacity to sue)*:
3    The City is currently undertaking discovery on facts potentially supporting this
4 affirmative defense. The facts are not known at this time.
5    q.    *Seventeenth Affirmative Defense (Faith Fellowship Foursquare Church is*
6 *improperly named as a Real Party in Interest)*:
7    This defense refers to a pleading defect. Assuming it has standing at all, the
8 CHURCH must be a plaintiff in the action to assert any claim for affirmative relief.

10 Dated: March 21, 2008          MEYERS, NAVE, RIBACK, SILVER & WILSON

12                                 By  *Deborah J. Fox*
13                                 DEBORAH J. FOX
                                   Attorneys for Defendant
14                                 CITY OF SAN LEANDRO

1054759.2
136.5016

---

12
CITY'S RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)        [C 07-03605 PJH]

Exhibit 3
Page 7