Kevin T. Snider, State Bar No. 170988
*Counsel of record*
Matthew B. McReynolds, State Bar No. 234797
PACIFIC JUSTICE INSTITUTE
P.O. Box 276600
Sacramento, CA 95827
Tel. (916) 857-6900
Fax (916) 857-6902
Email: kevinsnider@pacificjustice.org
mattmcreynolds@pacificjustice.org

Peter D. MacDonald, State Bar No. 69789
LAW OFFICE OF PETER MACDONALD
400 Main Street, Suite 210
Pleasanton, CA 94566-7371
Tel. (925) 462-0191
Fax. (925) 462-0404
Email: pmacdonald@macdonaldlaw.net

Attorneys for Plaintiff and Real Party in Interest

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INTERNATIONAL CHURCH OF THE FOURSQUARE GOSPEL,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAN LEANDRO, et al.,<br><br>Defendants. | Case No.: C07-03605 –PJH-JCS<br><br>**REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY ADJUDICATION ON DEFENDANT'S AFFIRMATIVE DEFENESES**<br><br>**(FRCP 56)** |
| FAITH FELLOWSHIP FOURSQUARE CHURCH,<br><br>Real Party in Interest. | **Date:** October 1, 2008<br>**Time:** 9:00 a.m.<br>**Ctrm:** 3<br>**Hon.:** Phyllis J. Hamilton<br><br>First Amended Complaint Filed: Oct. 26, 2007 |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. This Motion is Proper in That Partial Summary Adjudication Aids But Does Not Replace Summary Judgment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. Defendant's Abandoned Defenses are Amenable to Summary Adjudication. . . . . . . . . . . .2

III. Defendant's Anticipatory Defenses are Premature . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

A. Defendant offers zero authority for its concept of "anticipatory" defenses not based on actual facts in the First Amended Complaint. . . . . .. . . . . . . . . . . . . . . . . . . . . . .2

B. Defendant offers no authority to support its defenses of standing, lack of case or controversy, ripeness, laches, waiver, or statute of limitations. . . . . . . . . . . . . . . . . . . 3

C. The overwhelming weight of RLUIPA authority contradicts Defendant's exhaustion of administrative remedies defense. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV. The Constitutionality of RLUIPA Has Been Settled, Rendering Defendant's Twelfth and Thirteenth Affirmative Defenses Without Merit. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

V. Defendants' Remaining Affirmative Defenses Are Unsubstantiated. . . . . . . . . . . . . . . . . . .6

A. "Failure to state a claim" is not an affirmative defense. . . . . . . . . . . . . . . . . . . . . . . . 6

B. "Causation" is not an affirmative defense, and the City's arguments would render RLUIPA meaningless. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

C. "Capacity to sue" has not been seriously contested and conflicts with FRCP 17. . 10

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**TABLE OF AUTHORITIES**

**Federal Cases**

*Boston Scientific Corp. v. Cordis Corp.*, 422 F. Supp. 2d 1102 (N.D. Cal. 2006) . . . . . . . . . . . . . .1

*Cottonwood Christian Center v. Cypress Redevelopment Agency*, 218 F. Supp. 2d 1203 (C.D. Cal. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*Ctr. for Bio-Ethical Reform, Inc., v. City of Los Angeles*, 533 F.3d 780 (9th Cir. 2008) . . . . . . . . . 5

*Cutter v. Wilkinson*, 544 U.S. 709 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Donohoe v. American Isuzu Motors, Inc.,* 155 F.R.D. 515 (M.D. Pa. 1994) . . . . . . . . . . . . . . . . . . 7

*Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Constr. Trades Council*, 485 U.S. 568 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Elsinore Christian Center v. City of Lake Elsinore*, 270 F. Supp. 2d 1163 (C.D. Cal. 2003) . . . . . 9

*FDIC v. Renda*, 692 F. Supp. 128 (D. Kan. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Ganley v. County of San Mateo* 2007 WL 902551 (N.D. Cal. March 22, 2007) . . . . . . . . . . . . . . . 3

*Grace Church of North County v. San Diego*, 555 F. Supp. 2d 1126 (S.D. Cal. 2008) . . . . . . . . 4, 9

*Guru Nanak Sikh So. of Yuba City v. County of Sutter*, 326 F. Supp.2d 1140 (E.D. Cal. 2003). . . 4

*Guru Nanak Sikh Soc. of Yuba City v. County of Sutter*, 456 F.3d 978 (9th Cir. 2006) . . . . . .4, 5, 9

*HB General Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185 (3d Cir. 1996) . . . . . . . . . . . . . . . 9

*Heller Fin. Inc., v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989). . . . . . . . . . 2,9

*Koch Indus., Inc. v. United Gas Pipe Line Co.*, 700 F. Supp. 865 (M.D. La 1988) . . . . . . . . . . . . .1

*Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Midrash Sephardi v. Town of Surfside,* 366 F.3d 1214 (11th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . 5

*Nat'l Acceptance Co. of America v. Regal Products, Inc.,* 155 F.R.D. 631 (E.D. Wis. 1994) . . . . .7

*Qarbon.com v. eHelp, Inc.,* 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) . . . . . . . . . . . . . . . . . . 3

*Quintana v. Gates*, 2004 WL 1661540 (C.D. Cal. July 20, 2004). . . . . . . . . . . . . . . . . . . . . . . . . .7

*Saks v. Franklin Covey Co.,* 316 F.3d 337 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Sts. Constantine and Helen Greek Orthodox Church, Inc. v. City of New Berlin*, 396 F.3d 895 (7th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8, 9

*U.S. v. Iron Mountain Mines, Inc.,* 812 F. Supp. 1528 (N. D. Cal. 1992) . . . . . . . . . . . . . . . . . . . .6

*Vietnamese Buddhism Study Temple in America v. City of Garden Grove*, 460 F. Supp. 2d 1165 (C.D. Cal. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Vernon v. Heckler,* 811 F.2d 1274 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Westchester Day School v. Vil. of Mamaroneck*, 504 F.3d 338 (2d Cir. 2007) . . . . . . . . . . . . . . . . 5

*Wyshak v. City Nat'l Bank*, 607 F.2d 824 (9th Cir. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2-3

**Federal Statutes and Rules**

42 U.S.C. § 2000cc et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .*passim*

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

Fed. R. Civ. P. 5.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Fed. R. Civ. P. 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3,6

Fed. R. Civ. P. 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

Fed. R. Civ. P. 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Fed. R. Civ. P. 17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,10-11

**Other Authorities**

Black's Law Dictionary 430, 7th ed. 1999 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Wright, Miller & Kane, *Federal Practice and Procedure,* Vol. 6A, § 1543. . . . . . . . . . . . . . . . . . . .6

Wright, Miller & Kane, *Federal Practice and Procedure,* Vol. 10B, § 2737 (1983) . . . . . . . . . 1-2

**MEMORANDUM OF POINTS AND AUTHORITIES**

INTRODUCTION

The usefulness of partial summary adjudication in sharpening the issues for summary judgment and/or trial has already been demonstrated by the City's abandonment of three of its Affirmative Defenses. Much more clutter can be excised from this case, allowing a narrower focus on the core issues now pending on summary judgment. Of the City's remaining fourteen affirmative defenses, at least half are anticipatory, while the two constitutional defenses are both anticipatory and have been rejected by higher courts, and the "failure to state a claim" argument is both outdated and not an affirmative defense. The City's causation argument is also not an affirmative defense, but holds the distinction of being nonsensical and rendering RLUIPA meaningless. Finally, capacity to the City's capacity to sue defense flies in the face of FRCP 17, which is designed to allow more—not less—participation by various entities in a suit.

ARGUMENT

**I. This Motion is Proper in That Partial Summary Adjudication Assists But Does Not Replace Summary Judgment.**

The City first attempts to dodge the pending Motion by claiming it is in violation of the Court's Pre-Trial Instructions, which provide that "[o]nly one summary judgment motion may be filed by each side, absent leave of court." The best authorities, however, consider motions to adjudicate affirmative defenses as aiding—not taking the place of—summary judgment. Wright et al., *Federal Practice and Procedure* vol. 10B, § 2737. The instant motion for partial summary adjudication does not violate the Court's Pre-trial Instruction in that it is not a summary judgment motion, either in form or in substance. *Boston Scientific Corp. v. Cordis Corp.*, 422 F. Supp. 2d 1102, 1106 (N.D. Cal. 2006); *Vernon v. Heckler,* 811 F. 2d 1274, 1278 (9th Cir. 1987); *see also*, *Koch Indus., Inc. v. United Gas Pipe Line Co.*, 700 F. Supp. 865, 867 (M.D. La 1988).

Because motions such as the present do not dispose of causes of action, they are best denominated as motions for partial summary adjudication, which accurately describes the Church's motion.[1] Wright et al., *Federal Practice and Procedure* vol. 10B, § 2737. Both this motion and the Church's subsequent request for summary judgment[2] are therefore proper. Affirmative defenses that only add "clutter" to an otherwise complex case need not be indulged by the Court. *Heller Fin. Inc., v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989).

## II. Defendant's Abandoned Defenses are Amenable to Summary Adjudication.

In response to this Motion, Defendants have abandoned their affirmative defenses of estoppel, unclean hands and ICFG's capacity to sue. Defs. Memo. in Opp. to Mot. for Part. Summ. Adjud., p. 3:1-11. These defenses are therefore amenable to summary adjudication in the Church's favor without further argument.

## III. Defendant's Anticipatory Defenses are Improper.

### A. Defendant offers zero authority in favor of anticipatory affirmative defenses.

In response to the Church's arguments that its anticipatory defenses are improper, the City responds with little more than pure argument. The City offers not a single legal authority in opposition to the Church's position that such defenses have no place in the current litigation.

Affirmative defenses "are governed by the same standard as complaints" and "must give the plaintiff 'fair notice' of the defense being advanced." *Qarbon.com v. eHelp, Inc.,* 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir.

---

[1] Even when called "partial summary judgment" motions, they are still distinctive in that they are interlocutory in nature. *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976).

[2] Since this Motion was intended to clarify the issues to be argued on summary judgment, it was filed well in advance, and the Church sought a hearing in early September. The motions were re-calendared to October 1, the same date on which the parties' motions for summary judgment are now scheduled to be heard. If the Court deems it helpful, the Church would not object to a rescheduling of the summary judgment hearing.

1979). Lack of a factual basis is therefore fatal to affirmative defenses. *Qarbon.com,* 315 F. Supp. 2d at 1050. In discovery, Defendant admitted that it had no facts in support of its anticipatory defenses, instead calling them "legal defenses."

Defendant's unorthodox approach was specifically rejected last year in an unpublished decision of this Court, *Ganley v. County of San Mateo,* 2007 WL902551 (N.D. Cal. March 22, 2007), where Judge Henderson rejected affirmative defenses offered "in anticipation of additional claims that have not yet been made, so as to not waive the defenses if those claims are presented later." *Id.* at *3. Judge Henderson went so far as to suggest that presenting such immaterial affirmative defenses was sanctionable under FRCP 11. *Id.*

While this decision is of course not binding, the Church submits that it was a proper interpretation of FRCP 8(c). In the complete absence of any contrary authority from the City, it is worthy of imitation.

**B. Defendant offers no authority to support its defenses of standing, lack of case or controversy, ripeness, laches, waiver, or statute of limitations.**

The City's response in support of its anticipatory second, third, sixth, seventh, ninth and fourteenth affirmative defenses is pure argument, unaided by a single citation to authority. The Church will resist the temptation to respond in kind and will instead, with one exception rest on its prior arguments as to the impropriety of all anticipatory defenses.

To the above arguments and those made in its Motion, he Church will add only that, in regards to statutes of limitation (fourteenth affirmative defense), the Ninth Circuit has allowed such affirmative defenses subject to citation of the <u>specific</u> statute of limitation on which the defense is based. *Wyshak,* 607 F.2d at 827. This, the City has not done.

The Church is entitled to summary adjudication as to the second, third, sixth, seventh, ninth and fourteenth affirmative defenses.

**C. The overwhelming weight of RLUIPA authority contradicts Defendant's exhaustion of administrative remedies defense.**

Defendant attempts to rehabilitate its eleventh affirmative defense, exhaustion of administrative remedies, by insisting that denial of the Church's CUP "was not timely challenged in state court, meaning that this defense is now applicable to any claim asserted in this action based on denial of the CUP…." Defs. Opp. to Mot. for Part. Summ. Adjud., p. 12:20-22.

Defendant draws general propositions from non-RLUIPA case law for the simple reason that RLUIPA cases themselves offer no support for their position. The statutory text imposes no such requirement, and the Church is aware of no case in which a federal court has required a religious entity to first seek redress in state court. To the contrary, the procedural histories of many successful RLUIPA cases disclose no involvement whatsoever with state court. *See, e.g.*, *Guru Nanak Sikh Society of Yuba City v. County of Sutter*, 326 F. Supp. 2d 1140, 1146 (E.D. Cal. 2003), *aff'd* 456 F.3d 978 (9th Cir. 2006); *Vietnamese Buddhism Study Temple in America v. City of Garden Grove*, 460 F. Supp. 2d 1165, 1170 (C.D. Cal. 2006); *Grace Church of North County v. City of San Diego*, 555 F. Supp. 2d 1126, 1133 (S.D. Cal. 2008); *Sts. Constantine and Helen Greek Orthodox Church v. City of New Berlin*, 396 F.3d 895, 899 (7th Cir. 2005); and *Elsinore Christian Center v. City of Lake Elsinore*, 270 F. Supp. 2d 1163, 1166 (C.D. Cal. 2003).

Defendant's position is wholly without merit, and the Church is entitled to summary adjudication of the eleventh affirmative defense.

**IV. The Constitutionality of RLUIPA Has Been Settled, Rendering Defendant's Twelfth and Thirteenth Affirmative Defenses Without Merit.**

The City continues to cling to its twelfth and thirteenth defenses, alleging that the application of RLUIPA is unconstitutional if the Church prevails. Beyond the hyperbole of Defendant's assertions, three real problems emerge. First, the thirteenth affirmative defense is raised "against any possible unconstitutional application or interpretation of RLUIPA," Defs. Opp.

to Mot. for Part. Summ. Adjud., p. 6:27-28, yet Defendant offers no explanation for its glaring failure to comply with FRCP 5.1 and Local Rule 3-8 requiring notification of the United States Attorney General.

Second, the constitutionality of RLUIPA's land use provisions cannot seriously be questioned, having been decided in the affirmative by *Guru Nanak*, 456 F.3d at 993, as well as *Westchester Day School v. Village of Mamaroneck*, 504 F.3d 338 (2d Cir. 2007), and *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214 (11th Cir. 2004). The Supreme Court itself upheld the constitutionality of RLUIPA's prisoner provisions in *Cutter v. Wilkinson*, 544 U.S. 709 (2005). Defendant's nuanced parsing of RLUIPA's constitutionality in this case is appropriate, if at all, on appeal to the Ninth Circuit *after* this Court has ruled on the issues.

Finally, RLUIPA itself obviates the need for Defendant's constitutional affirmative defenses by stating that the "Act shall be construed in favor of a broad protection of religious exercise, to the maximum extent permitted by the terms of this Act and the Constitution." 42 U.S.C.A. § 2000cc-3(g). This statement is in keeping with the well-established principle that, whenever possible, statutes will be construed in a manner that is constitutional. *Ctr. for Bio-Ethical Reform, Inc., v. City of Los Angeles*, 533 F.3d 780, 790 (9th Cir. 2008) ("Where a construction of a statute would raise serious constitutional problems, courts 'will construe the statute to avoid such problems unless such construction is plainly contrary to the intent of [the legislature].") (brackets in original) (quoting *Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Constr. Trades Council*, 485 U.S. 568, 575 (1988)).

Since RLUIPA has already been given numerous constitutional constructions, as listed above, there is no reason to believe this Court cannot do likewise. Defendant's twelfth and thirteenth affirmative defenses are baseless and should be summarily adjudicated in the Church's favor.

## V. Defendants' Remaining Affirmative Defenses Have Not Been Substantiated by the Undisputed Facts in Evidence

### A. "Failure to state a claim" is not an affirmative defense.

In addition to the Church's previously argued substantive reasons why the FAC states a claim, there are procedural reasons why the City is no longer able to assert failure to state a claim as an affirmative defense. "Failure to state a claim," is not listed in FRCP 8(c) as an affirmative defense. The Rule's list is not exhaustive, allowing for "any other matter constituting an avoidance or affirmative defense." *Id.* However, this defense does not seem the type envisioned by the Rule's drafters, as interpreted by the courts.

First, failure to state a claim is more properly raised in a motion to dismiss under FRCP 12(b)(6), which the City chose not to file. Yet nearly a year after the filing of the First Amended Complaint, and well after the close of discovery, the City still clings to this formal, non-substantive argument focused entirely on the sufficiency of the pleadings. *See, e.g.*, *U.S. v. Iron Mountain Mines, Inc.,* 812 F. Supp. 1528, 1535 (N. D. Cal. 1992) ("The familiar defense of failure to state a claim 'test[s] the formal sufficiency of the statement of claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case.'") (quoting 5A Wright & Miller, Fed. Prac. & Proc. § 1356 (2d ed. 1990)).

In determining whether arguments outside the FRCP 8(a) list can truly be characterized as affirmative defenses, the Second Circuit has drawn a helpful definition from Black's Law Dictionary, where an affirmative defense is " '[a] defendant's assertion raising new facts and argument that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true.' " *Saks v. Franklin Covey Co.,* 316 F.3d 337, 350 (2d Cir. 2003) (quoting

Black's Law Dictionary 430, 7th ed. 1999)).[3] Under this definition, Defendant's repackaging falls away, revealing a waived 12(b)(6) argument that is no longer relevant in this litigation and should be summarily adjudicated.

The City admits that this "affirmative defense" raises *no* facts which, if true, would defeat the plaintiff's claims. Def.'s Resp. to Pl.'s Interrog. at 7-8.[4] Instead, Defendants take the position that this is a "legal defense." As such, it is not an affirmative defense. *See also*, *Donohoe v. American Isuzu Motors, Inc.,* 155 F.R.D. 515, 519 (M.D. Pa. 1994) (affirmative defense is a matter proven by facts extrinsic to plaintiff's cause of action); *Nat'l Acceptance Co. of America v. Regal Products, Inc.,* 155 F.R.D. 631, 634 (E.D. Wis. 1994) (conclusory legal allegations without supporting facts insufficient to support affirmative defense). Moreover, it was waived when the City answered the First Amended Complaint and has been completely mooted by the initiation and completion of discovery. It is therefore unnecessary for the Church to repeat its previous substantive arguments outlining the ways in which it did indeed state a claim in the FAC.

Summary adjudication is appropriate to dispose of this untimely, mischaracterized defense.

**B. "Causation" is not an affirmative defense, and the City's arguments would render RLUIPA meaningless.**

Causation is not an avoidance or affirmative defense but rather, an allegation that the Church cannot establish a prima facie case. *FDIC v. Renda*, 692 F. Supp. 128, 133 (D. Kan. 1988). As such, it can be summarily adjudicated as an improper "affirmative defense."

Beyond this procedural defect, the City's arguments would, as a practical matter, render RLUIPA meaningless. The City argues, in a nutshell, that the Church should not have purchased the Catalina property unless and until it was rezoned for commercial use. The City's argument

[3] This same definition has also been invoked by at least one California federal court in an unpublished decision, *Quintana v. Gates*, 2004 WL 1661540 (C.D. Cal. July 20, 2004).
[4] Ct. Doc. 124 (manually filed).

demonstrates detachment from marketplace realities, disingenuousness in light of its standing arguments, and a dangerous ignorance of actual RLUIPA fact patterns.

First, the City's argument assumes that the prior owner of the Catalina property—or any similar available property, if there were such—would be willing to take its property off the market with no gain to itself, while the City took endless months to consider the rezoning request and redraw a City-wide map. The City's position is undercut by Judge Posner's Seventh Circuit decision decrying another city's argument that a church should have simply searched around for property which was more acceptable to the City, *Sts. Constantine and Helen Greek Orthodox Church, Inc. v. City of New Berlin*, 396 F. 3d 895, 901 (7th Cir. 2005). Such a scenario also defies common sense and does not comport with the facts of this case.

It is undisputed that the Church held back from purchasing the Catalina for several months at the outset of the rezoning process. When the seller would not hold the property any further without a contract from the Church, the Church—like so many other religious entities which eventually resort to RLUIPA for redress—felt it had no other legitimate property options in the city, and purchased the property rather than lose all options. G. Mortara Decl. ¶¶ 5-33 (Ct. Doc. 13); FAC ¶¶ 14-34 (Ct. Doc. 90). The City's assumptions prove too much.

Taken to their logical conclusion, the City's assumptions would render RLUIPA meaningless in one of two ways. Either the Church would somehow possess *greater* rights to sue under RLUIPA as a non-owner, or no rights at all. Given the City's ongoing efforts to challenge the standing of ICFG and the Church even as they own and have submitted concrete plans to use the property, it is inconceivable that the City would allow a non-owner of Catalina to file suit without a vigorous challenge to the non-owner's Article III standing. Any other response by the City would lead to the odd and anomalous elevation of non-owners' rights above owners'. RLUIPA plainly does not intend such results; if anything, it ***requires*** a property interest prior to

filing suit. 42 U.S.C.A. § 2000cc—5(5). (“The term ‘land use regulation’ means a zoning or landmarking law, or the application of such a law, that limits or restricts a claimant’s use or development of land . . . *if the claimant has an ownership, leasehold, easement, servitude, or other property interest in the regulated land or a contract or option to acquire such an interest.*”) (emphasis added)

Finally, the City’s arguments contradict the factual realities of every successful RLUIPA case of which the Church is aware. Religious entities vindicated by the courts either purchased or leased property before having rezoning or CUP requests denied in *Guru Nanak Sikh Society of Yuba City v. County of Sutter*, 456 F.3d 978, 981-82 (9th Cir. 2006) [“In 2001, Guru Nanak attempted to obtain a conditional use permit (CUP) for the construction of a Sikh temple … on *its* 1.89-acre property …” (emphasis added)]; *Vietnamese Buddhism Study Temple in America v. City of Garden Grove*, 460 F. Supp. 2d 1165, 1168-69 (C.D. Cal. 2006) [temple took title to the property at issue in June 2004 and applied for a CUP in December 2004]; *Grace Church of North County v. City of San Diego*, 555 F. Supp. 2d 1126, 1130 (S.D. Cal. 2008) [church entered into a lease for property on January 1, 2006 and applied for CUP on February 9, 2006]; *Sts. Constantine and Helen Greek Orthodox Church v. City of New Berlin*, 396 F.3d 895, 898 (7th Cir. 2005) [church purchased land in 1995 and 1997 and applied for rezoning in 2002]; *Cottonwood Christian Center v. Cypress Redevelopment Agency*, 218 F. Supp. 2d 1203, 1213 (C.D. Cal. 2002) [escrow closed on property in 1999; church applied for a CUP in 2000]; *Elsinore Christian Center v. City of Lake Elsinore*, 270 F. Supp. 2d 1163, 1166 (C.D. Cal. 2003) [church entered into a purchase agreement for property prior to applying for CUP]; and *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1220 (11th Cir. 2004) [synagogue was leasing space and using property to hold services and other functions when city denied its zoning variance application].

Defendant's attempts to rebut the Church as to causation are nonsensical. The Church has demonstrated its entitlement to summary adjudication on this defense.

**C. Capacity to Sue has not been seriously contested.**

The City offers no authority for its seventeenth affirmative defense, which challenges the capacity of Faith Fellowship to sue as a real party in interest. In fact, the City admits that the defense "may, of course, be moot," Defs. Opp. to Mot. for Part. Summ. Adjud., p. 9:10, and will not likely affect the outcome of the case. *Id.* at p. 9:10-12. This affirmative defense is classic "clutter," *Heller Fin. Inc., v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989), and serves no purpose to the litigation.

A key function of FRCP 17 governing real parties in interest and capacity to sue, is "'simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to ensure generally that the judgment will have its proper effect as res judicata.'" *HB General Corp. v. Manchester Partners, L.P.,* 95 F.3d 1185, 1197 (3d Cir. 1996) (quoting FRCP 17 Advisory Committee Notes to the 1966 Amendment). With that aim in mind, the Third Circuit noted that "there may be multiple real parties in interest for a given claim," *id.* at 1196, and parties authorized to sue can be both plaintiffs *and* real parties in interest. *Id.* at 1196-97.

The City's weak attempts to wield "capacity to sue" as a sword to sever Faith Fellowship from this litigation are fundamentally at odds with the purposes of FRCP 17. As explained above, the Rule was designed to ensure that the parties litigating a matter comprise all the entities which will be directly affected by its outcome, and none are being left out which might later assert their rights under the same set of facts. The City's argument (again, unaided by any authority) is inconsistent with FRCP 17 in that it seeks to exclude Faith Fellowship as a party, when it is beyond dispute that the outcome of this litigation will most directly affect the Church. The Church is entitled to summary adjudication of the City's seventeenth affirmative defense.

CONCLUSION

The City's affirmative defenses are utterly without merit and are perfectly positioned for partial summary adjudication. Three have been abandoned. At least seven are admittedly "anticipatory" and only tangentially related to the First Amended Complaint. Defendant's "anticipatory" approach lacks precedent and is not a proper use of affirmative defenses. Additional arguments labeled "affirmative defenses," including failure to state a claim and causation, are not affirmative defenses at all. The question of RLUIPA's constitutionality has been settled by the Ninth Circuit and other federal appellate courts, and is not legitimately raised as an affirmative defense. Finally, Defendant's capacity to sue affirmative defense, if allowed, would turn FRCP 17 on its head.

Disposition of Defendant's affirmative defenses will remove needless distractions from this case and assist the Court and the parties in addressing the real issues on summary judgment. The Church therefore requests summary adjudication in its favor as to each of the seventeen affirmative defenses.

Dated: September 17, 2008 Respectfully submitted

_/S/ _Matthew McReynolds_____________________

Kevin T. Snider
Matthew B. McReynolds
PACIFIC JUSTICE INSTITUTE
P.O. Box 276600
Sacramento, CA 95827-6600
Telephone: (916) 857-6900
Facsimile: (916) 857-6902

Peter D. MacDonald
LAW OFFICE OF PETER MACDONALD
400 Main Street, Suite 210
Pleasanton, CA 94566-7371
Tel. (925) 462-0191
Fax. (925) 462-0404

*Attorneys for Plaintiff and Real Party in Interest,*
*International Church of Foursquare Gospel*
*and Faith Fellowship Church of Foursquare Gospel*