Kevin T. Snider, State Bar No. 170988
*Counsel of record*
Matthew B. McReynolds, State Bar No. 234797
PACIFIC JUSTICE INSTITUTE
P.O. Box 276600
Sacramento, CA 95827
Tel.  (916) 857-6900
Fax  (916) 857-6902
Email: kevinsnider@pacificjustice.org
          mattmcreynolds@pacificjustice.org

Peter D. MacDonald, State Bar No. 69789
LAW OFFICE OF PETER MACDONALD
400 Main Street, Suite 210
Pleasanton, CA 94566-7371
Tel. (925) 462-0191
Fax. (925) 462-0404
Email: pmacdonald@macdonaldlaw.net

Attorneys for Plaintiff and Real Party in Interest

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL CHURCH OF THE FOURSQUARE GOSPEL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF SAN LEANDRO, et al.,<br><br>　　　　Defendants.<br>――――――――――――――――<br>FAITH FELLOWSHIP FOURSQUARE CHURCH,<br><br>　　　　Real Party in Interest. | Case No.: C07-03605 –PJH-JCS<br><br>**PLAINTIFF AND REAL PARTY IN INTEREST'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>**(FRCP 56)**<br><br>Date:　October 1, 2008<br>Time:　9:00 a.m.<br>Ctrm:　3<br>Hon.:　Phyllis J. Hamilton<br><br>First Amended Complaint Filed: Oct. 26, 2007 |

Plaintiff and Real Party in Interest's Reply to City's Opposition to MSJ

# INTRODUCTION

Notwithstanding the hundreds of documents and thousands of pages represented by the pending cross-motions for summary judgment,[1] this case boils down to a handful of questions. These questions may not be easy, but they are fairly straightforward. First, did the City of San Leandro "to a significantly great extent lessen the possibility" that the Church would be able to relocate to a suitable site within San Leandro, by denying rezoning and a conditional use permit to use the Catalina property for religious assembly? Second, did the City treat the Church on less than equal terms, particularly in light of the eight criteria and hazardous materials restriction placed exclusively on the Church? Third, did the City's actions result in a "total exclusion" or create an "unreasonable limitation" on the Church's ability to assemble for religious purposes in San Leandro? And finally, were the City's actions arbitrary and unequal to the point of infringing on the Church's federal constitutional rights?

Much ink has been spilled on these subjects; in this its final brief, the Church will succinctly summarize and when possible reference (rather than repeat) prior arguments which answer each of the foregoing questions in the affirmative.

## Summary of the Facts

The material facts are not in dispute. Having outgrown its current location, the Church purchased the Catalina property. This was not only necessary to accommodate the many worshipers who cannot presently attend services, but was necessary for the Church to execute its uniquely articulated core beliefs, i.e., to "come together to form one body with Jesus Christ as its

---

[1] For the reasons explained in detail in the Church's Reply Brief in Support of Motion for Partial Summary Adjudication, the Church has filed only one summary judgment motion in compliance with this Court's instructions. The Church is agreeable to either separate or joint (as is currently calendared) hearings on its respective motions.

head." G. Mortara Decl., ¶ 40 (filed 7/30/07, Ct. Doc. 13).[2] The Church applied for a rezoning of the Catalina property. Instead of immediately processing that request, the City undertook a city-wide rezoning and created an Assembly Use Overlay District which excluded the Catalina property. Eight criteria were used for inclusion in the District. The Catalina property was deemed not to meet two of the criteria. But the criteria have never been applied to any other applicant for assembly use in San Leandro, before or since. In addition, the City placed a hazardous materials burden exclusively on the Church as part of its reason for denying the use of the Catalina property for religious assembly. The Church also filed a conditional use permit application based on the City's allowance of entertainment and commercial recreational assembly use at that location. That application was denied. Finally, save for the Catalina property, there are no other available properties within the jurisdiction of San Leandro that are suitable for a Church of this size, whether in the Assembly Use Overlay District or areas zoned residential.

## LEGAL ARGUMENT

**I.     The Church has shown a substantial burden on its religious exercise.**

The Church has demonstrated a substantial burden for two reasons. First, it has proven that there are no available properties other than Catalina. Second, there is undisputed evidence of the onus on the Church's religious exercise, due to unique religious beliefs, if the congregation cannot meet together at one venue on its main day of worship.

**A.     The Church has made a sufficient showing of the unavailability of other properties.**

The City asserts that the unavailability of other properties is irrelevant. City's Opp, 12:23-28. In fact, the availability of other properties is one of the factors that is considered when

---

[2] For a detailed discussion of the specific theological beliefs regarding the necessity for the congregation to gather together at one venue to worship on Sunday, see, G. Mortara decl., ¶¶ 34-40 (filed 7/30/07, Ct. Doc. 13) and G. Mortara decl., ¶¶ 21-29 (filed 8/25/08, manually filed).

determining whether an individualized assessment is a substantial burden on a religious institution. While it is true under *Guru Nanak* that a religious group need not show that there is no other possible location where it could build its church, *Guru Nanak Sikh Soc'y of Yuba City v. County of Sutter*, 456 F.3d 978, 989 (9th Cir. 2006), it must make some showing of the unavailability of other properties. (See, Order Denying Motion for Preliminary Injunction, 19:23-25, citing *Guru Nanak*). In the present case, the undisputed facts are that there are no other available properties for the Church in San Leandro. The City Manager has confirmed this.

> Q: [I]n looking at the whole issue of Faith Fellowship Church, are you aware of any locations within San Leandro…which they could acceptably locate?
>
> A: No.
>
> Jermanis Depo., 51:23-25, 52:1-2 (Ct Doc 144).

The only evidence that the City has given to imply that there are locations available is the general comment that there are 78 properties in residential areas of 3.5 acres or greater. Pollart Decl., ¶8. Ct. Doc 128. But, no properties are identified and there is no claim made by the City which suggests that any of these properties are suitable (e.g., parking, street infrastructure) or otherwise available for a church of 1,700 attendees. Indeed, the City Manager again confirms that there are no available properties suitable for a large church in residential areas.

> Q. [T]he staff concluded that there was a need to allow assembly uses in industrial districts.…[D]id you have any conversation with the staff about how that conclusion came to be?
>
> A. I recall hearing from the staff that their feeling was that there were not any longer sites available in the residential area for churches, and that other areas needed to be considered.
>
> Jermanis Depo. 24:4-12 (Ct Doc 144).

In view of the evidence, there can be no material dispute of fact that the Church has met its burden as to the unavailability of other properties.

**B.    The Church has provided specific evidence of its religious need to have corporate worship at one venue.**

Unlike other cases cited by the City in which there is a generalized discussion of a religious organization's desire for a larger facility, the Church has articulated its unique core religious beliefs regarding the need for worshiping at one location. These will not be put forth again (See, Church MSJ 11:20 to14:4). Because the denial of the use of the Catalina property for religious assembly is a significantly great restriction or onus upon such exercise, the Church has made a prima facie showing of a substantial burden under RLUIPA.

This restriction is not, as the City claims, a mere inconvenience. City's Opp, 14:9-11, 21-23. Nor is the Catalina property simply ideal or economically feasible. City's Opp, 11:12-16, 21-23. Absent use of that property for religious assembly, the Church will be greatly restricted in undertaking the spiritual event that the Church claims takes place when its attendees "come together to form one body with Jesus Christ as its head." G. Mortara Decl., ¶ 40 (filed 7/30/07, Ct. Doc. 13).

In sum, there is uncontroverted specific evidence of the unique religious beliefs of the Church concerning worshipping at one venue on the Lord's Day. Hence, denial of the use of the Catalina property for religious assembly has such an adverse impact on the religious exercise of the Church so as to meet the threshold requirement under RLUIPA as to substantial burden.

**II.    The City Council Adopted the Planning Commission's Decision on Hazardous Materials.**

The evidence that a hazardous materials burden was placed exclusively on the Church is not subject to reasonable debate. The City has had an opportunity to show whether it has placed such a burden on any other applicant for assembly use. It has failed to point to even one other applicant for which such a burden was placed, whether at 500 feet, a quarter mile, or any distance for that matter.

Oddly, the City makes the assertion that the Church cannot make an Equal Terms claim because it has somehow failed to provide "evidence of dissimilar treatment of other similarly situated applicants." City's Opp, 10:20-24. Of course, if the hazardous materials burden has

never been placed on another applicant for assembly use, then it stands to reason that this is prima facie showing of dissimilar treatment under RLUIPA.

In that the City cannot seriously claim that it treated the Church in the same manner as other applicants, it now assert for the first time that the City Council did not consider hazardous materials in its decision to deny the use of the Catalina property for religious assembly. But the facts cannot reasonably be in dispute for they are found in the evidence submitted by the City. Minute Order 2007-059 states: "The City Council denied the appeal by International Church of the Foursquare Gospel, Applicant, and upheld the decision of the Planning Commission's denial of PLN2006-00049." Def. Ex. 24, p. 14, ¶2, Ct. Doc 132-22. The Planning Commission's denial of the ICFG application incorporated findings of fact. These include a recitation of the hazardous materials burden. Def. Ex. 21, p. 12, ¶VI, Ct. Doc 132-20.[3] Since the City Council upheld the decision of the Planning Commission, and that decision includes "findings of fact" relative to the hazardous materials burden, it cannot be seriously claimed that the Council excised the hazardous materials burden from the decision.

**III.    The City's Hazardous Materials Burden either Works a Total or Unreasonable Exclusion of the Church from the Assembly Use Overlay or it Demonstrates an Equal Terms Violation.**

In the present case, the hazardous materials burden is framed such that all 196 properties in the Assembly Use overlay are within close proximity to HMBPs. Pollart Depo. 105:4-11.[4] If the City is consistent and treats all assembly use applications the same, then there is no place within

---

[3] "**VI**  ¶Within 500 feet of the subject property, eight businesses have filed Hazardous Materials Business Plans (HMBPs); within ¼ mile of the site, an additional 13 businesses operate under a HMBP. The City's industrial zones are designed to and do in fact accommodate materials and activities that pose at least a potential hazard to human populations. The presence, and future presence, of hazardous materials and activities in the vicinity of the project site and the intended assembly use, renders it inappropriate for rezoning with the Assembly Use Overlay."
[4] Manually filed (Ct Doc. 124).

Plaintiff and Real Party in Interest's Reply to City's Opposition to MSJ

5

the AU overlay that the Church can locate.  As such, this approach acts as a total exclusion of the Church in violation of RLUIPA's total or unreasonable exclusion provision.  42. U.S.C. § 2000cc(b)(3)(B).[5]  On the other hand, if the hazardous materials burden does not apply to the 196 properties in the AU overlay, but was only placed on the Church as stated by the City's Planning Manager (*Id.* at 106:1-17), then there is a violation under RLUIPA's Equal Terms.   Under either circumstance, the City has violated RLUIPA.

### IV. The City Violated RLUIPA's Equal Terms Provision by Foisting New and Unique Criteria Exclusively on the Church.

The important facts as they relate to the eight criteria are not in dispute and can be found in the City's motion for summary judgment.  In sum, the Church first submitted an application for a rezone to the City for the Catalina property on May 19, 2006.  City's SJM, 1:17-26 (Ct. Doc. 126). Subsequent and in response to the Church's application, the City engaged in a city-wide rezoning. *Id.*, 1:26 to 2:11.  That rezoning resulted in foisting eight new and unique criteria on the Church. *Id.*, 2:7-9.  Thus, instead of simply processing the Church's application for a rezone, the City changed the city-wide map and put in place the eight criteria.  *Id.*, 1:26 to 2: 2.  City Planning Manager Decl. ¶¶6-9 (Ct. Doc. 50).  As the City admits, it has never placed those eight criteria on any other applicant for assembly use, before or since.  City's Opp, 6:20-23.

Because the eight criteria was exclusively imposed on the Church, the Church has proved that it was treated in a way that was different than any other applicant for assembly use.  The City's protest that the new rules were applied evenly to all properties does not help their position. Indeed, it actually undermines it due to the fact that both the map and the rules were changed as a result of the Church's application for a rezone.  That cannot be deemed equal treatment.  As such,

---

[5] RLUIPA section 2(b)(3) prohibits land use regulation that "unreasonably limits religious assemblies, institutions, or structures within a jurisdiction." 42. U.S.C. § 2000cc(b)(3)(B).

the Church's motion for summary judgment under RLUIPA's Equal Terms provision should be granted.

**VI.    The City's Attempts to Dodge RLUIPA Legislative History Ignores Case Authority.**

The City dismisses the legislative history of RLUIPA since it contradicts the City's attempts to distinguish churches from other large gatherings for non-religious purposes. The City dodges HR Rep. 106-219 by arguing, "There is obviously a considerable distance between the opinions and sensibilities of partisans testifying before Congress and the actual intent of the lawmakers who approve the final version of a statute." Des. Opp. to SJM, p. 8:12-14. Defendant's characterization, however, contradicts the views of the many courts which have relied on this same report as a reliable statement of RLUIPA legislative intent. *Rasul v. Myers,* 512 F.3d 644, 674-76 (D.D.C. 2008); *Guru Nanak Sikh Soc'y of Yuba City v. County of Sutter*, 456 F.3d 978, 994 (9th Cir. 2006); *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1232, 1236 (11th Cir. 2004); *Madison v. Riter*, 411 F. Supp. 2d 645, 651 (W.D. Va. 2006); *Elsinore Christian Ctr. v. City of Lake Elsinore*, 270 F. Supp. 2d 1163, 1172-73 (C.D. Cal. 2003); *Murphy v. Zoning Comm'n of Town of New Milford*, 289 F. Supp. 2d 87, 118 (D. Conn. 2003); *Freedom Baptist Church v. Twp. of Middleton*, 204 F. Supp. 2d 857, 861 (E.D. Pa. 2002).[6] The comparisons drawn between religious assembly uses and more favorably-treated recreational and entertainment uses, which the City strains to avoid calling assemblies, are inescapable under RLUIPA.

---

[6] While some of these decision were reversed on other grounds, they still stand for the proposition that many federal courts have relied on the congressional testimony dismissed by Defendant. Unpublished decisions also citing this same congressional report include *Church of Hills of Bedminster v. Twp. of Bedminster*, 2006 WL 462674, *7 (D. N.J. Feb. 24, 2006); *Castle Hills First Baptist Church v. City of Castle Hills*, 2004 WL 546792, *7, 19 (W.D. Tex. March 17, 2004); and *Life Teen, Inc. v. Yavapai County,* 2003 WL 24224618, *15 (D. Ariz. March 26, 2003).

**V.    The City Has Not Rebutted the Church's Arguments as to Compelling Interest or the Constitutional Claims [42 USC 1983].**

The City raises no new substantive arguments relative to either compelling interest under RLUIPA, or to the Church's constitutional claims.  For this reason, the Church will not burden the Court by repeating its arguments in previous briefings.

## CONCLUSION

The evidence is in.  The facts are undisputed.  The Church has demonstrated that the City of San Leandro, by denying a rezoning and CUP for the Church's Catalina property, "to a significantly great extent lessened the possibility" that the Church would be able to conduct its religious assemblies at any location within San Leandro.  In so doing, the City substantially burdened the Church's religious exercise within the meaning of RLUIPA.  Moreover, the City's unprecedented application of eight criteria and an additional hazardous materials restriction to deny the rezoning and CUP treated the Church on less than equal terms, also within the meaning of RLUIPA.  Under RLUIPA, the City must demonstrate a compelling interest in order to justify a substantial burden or treatment on less than equal terms.  The City has failed to meet this high standard, instead relying on general interests in preserving industrial land and maintaining consistency with its General Plan.  The City's actions have, on a very practical level, resulted in the total exclusion of the Church from the City and are an unreasonable limitation under RLUIPA.  Finally, the same arbitrary, irrational actions on the City's part which violate RLUIPA have also violated the Church's federal constitutional rights to free exercise of religion, freedom of speech, due process and equal protection.

For all of the foregoing reasons, the Church is entitled to summary judgment as to all of its claims.

Dated:   September 17, 2008

Respectfully submitted,


  /S/  Kevin Snider
Kevin T. Snider
Matthew B. McReynolds
PACIFIC JUSTICE INSTITUTE
P.O. Box 276600
Sacramento, CA 95827-6600
Telephone: (916) 857-6900
Facsimile:  (916) 857-6902

Peter D. MacDonald
LAW OFFICE OF PETER MACDONALD
400 Main Street, Suite 210
Pleasanton, CA 94566-7371
Tel. (925) 462-0191
Fax. (925) 462-0404
Email: pmacdonald@macdonaldlaw.net

Attorneys for Plaintiff and Real Party in Interest,
International Church of Foursquare Gospel
and Faith Fellowship Church of Foursquare Gospel

---

Plaintiff and Real Party in Interest's Reply to City's Opposition to MSJ